FILED by MG D.C.

ELECTRONIC

**Sep. 13, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

In the United States District Court
For the Southern District of Florida

-------------------------------------------------------------------X

KENNETH A. FRANK, AND ANGELA DIPILATO,

*Plaintiffs*,

- against -

**COMPLAINT
CLASS ACTION
WITH JURY DEMAND**

**Civil Action No.:**

_____

## 11-62004-Civ-Cohn/Seltzer

OCEAN 4660, LLC., SHUTTERS ON THE OCEAN,
LLC., BOUTIQUE HOTELS AMERICA, LLC.,
GRAND HOTELS & RESORTS INTERNATIONAL,
INC., HANNA'S DESIGN STUDIO, INC., S.L. 2002,
LLC., HILTON HEAD HOTEL MANAGEMENT, LLC.,
UNIVERSITY INVESTMENTS, LLC., MY HOTEL
INTEREST, LLC., SUNSHINE OCEAN, LLC.,
ORLANDO GRAND HOTEL MANAGEMENT, LLC.,
BG HOTEL MANAGEMENT, LLC., WD HOTEL
MANAGEMENT, LLC., ORLANDO METROPOLITAN
HOTEL MANAGEMENT, LLC., INTERNATIONAL
HOTEL MANAGEMENT, LLC., 4116 OCEAN DRIVE,
LLC., RESORT AMERICA, LLC., WALL STREET
VENTURES LLC., LITTLE INN MANAGEMENT, LLC.,
H.K. HOTEL MANAGEMENT, LLC., TROPIC RANCH
MANAGEMENT, LLC., 6323 INVESTMENTS, LLC.,
8444 INVESTMENTS, LLC., RADISSON HOTEL
INTERNATIONAL DRIVE, LLC., VILLA CAPRICE
HOTEL MANAGEMENT, LLC., CHASE HOTEL
MANAGEMENT, LLC., SEA HORSE HOTEL
MANAGEMENT, LLC., BEACHSIDE HOTEL
MANAGEMENT, LLC., AQUA HOTEL
MANAGEMENT, LLC., BUCCANEER BAY HOLD-
INGS, LLC., TROPIC RANCH, INC., SAND PILLOW
PROPERTIES, INC., FAR WEST FUNDING GROUP,
INC., PERICLES INVESTMENT GROUP, INC.,
ASHLEY HOLDINGS, INC., WORLD WIDE MARINAS,
INC., FLAMINGO HOTEL ASSOCIATES, INC.,
PACIFIC IX, INC., INTERCOASTAL HOTELS, INC.,

SEA LORD MANAGEMENT, INC., BOCA RATON
HOTEL ASSOCIATES, INC., OGR ENTERPRISES,
INC., LITTLE ITALY OCEANSIDE INVESTMENTS,
LLC., 7400 INVESTMENTS, LLC.,CANADA DRY
INVESTMENTS, LLC., SEA MIST HOLDINGS,
LLC., R.O. DEVELOPMENTS, LLC.,MADISON
AVENUE INVESTMENT ADVISORS, LLC.,
MARCO BEACH CLUB ASSOCIATES, LC,
ORLANDO GRAND RESORTS, LC., ENTER-
TAINMENT MANAGEMENT CO., LC., GAB OF
WINTER PARK, INC., SEASONS HOTELS, INC.,
ADAM DAVID ENTERPRISES, INC., CASA
PLAYA MANAGEMENT CO., INC., HAWAIIAN
OCEAN INN ASSOCIATES, INC., SINGER ISLAND
RESORTS, INC., WATERFRONT MANAGEMENT,
INC., PIERPOINTE MANAGEMENT, INC., INTER-
COASTAL HOTELS, INC., FLAMINGO HOTEL
ASSOCIATES INC., THE INFINITY GROUP, LTD.,
POLSELLI CHILDREN'S TRUST, HOTEL MAN-
AGEMENT CORPORATION, GRAND HOTELS
& RESORTS INTERNATIONAL, INC., ATLANTIC
HOTELS CORPORATION, ATLANTIC HOTEL
GROUP, LLC., HILLS STREET BLUES, WINCO
PROPERTIES INC., d/b/a PARAMOUNT HOTEL,
WH MANAGEMENT, INC., d/b/a Helen Wilkes
Hotel, HW MANAGEMENT CO., PRUDENTIAL
GROUP, LTD., PALM BEACH HOTELS, INC.,
POLSELLI HOLDING CORPORATION, INC.,
KARCHO BUILDING, LLC., KARCHO ENTER-
PRISES, INC., KARCHON INVESTMENTS, LLC.,
HISTORIC RESORT CORP., CHARLOTTE HOTEL
ASSOCIATES, SUGAR LOAF RESORT, LLC.,
TLB LODGING CORP., WATERFRONT HOTEL
VENTURES, LLC., WILKES HOTEL CORP.,
HANNA HOTEL ENTERPRISES, TOLL GRAND
VENTURES, LLC., PRUDENTIAL MANAGEMENT
CORPORATION, LITTLE ROCK HOTEL ASSOC-
IATES, INC., HANNA KARCHO, REMO ( RAYMOND)
POLSELLI, ALEXANDER PROPERTY INVESTMENTS,
LLC., OAKLAND HILLS LAND DEVELOPMENT, LLC.,
CLUB METRO INVESTMENTS, LLC., DETROIT
HOTEL MANAGEMENT, LLC., QUANTUM HOTELS,
LLC., THE MET HOTEL, LLC., TIMES SQUARE
HOTEL MANAGEMENT, LLC., BROADWAY HOTEL

MANAGEMENT, LLC., BROADWAY INVESTMENT
PARTNERS, LLC.,,and" JOHN DOE " being any
party having or claiming a lien or interest in the real
property known, situate and lying as 4658 and 4660
North Ocean Drive, Lauderdale by the Sea, Florida,
33308 and/or the Restaurant known as Beachside Grill
situated within said premises whose names are unknown
to the plaintiffs at this time, and/or any party having or
claiming a lien or interest in the real property known
situate and lying as 4116 North Ocean Drive,
Lauderdale-by-the-Sea, Florida, 4108-4110 El Mar Drive,
Lauderdale- by-the-Sea, Florida, 4546 El Mar Drive,
Lauderdale-by-the-Sea, Florida, 4558 and 4560 El
Mar Drive, Lauderdale-by-the-Sea, Florida" and/or
corporations, limited liability companies, and/or entities,
controlled by the individual Defendant(s) Hanna Karcho
and Remo Polselli as part of the criminal enterprise,
whose names and identities are unknown to the Plaintiffs
at this time, and/or any party having or claiming a lien or
interest in any real property or personal property of any
of the individual, corporate or company entity
Defendant(s) or real property mentioned or set forth herein
the Complaint, and/or corporations, limited liability
companies, and/or entities that conspired, participated, or
confederated with the Defendants in the enterprise, whose
names are unknown to the Plaintiffs at this time,

*Defendants.*

-------------------------------------------------------------------------X

COMES NOW, Plaintiff(s)  Kenneth A. Frank, *Pro Se*, and Angela DiPilato, *Pro Se*, on their

own behalf and on behalf of others similarly situated, and sues the Defendant(s) Ocean 4660,

LLC., a Florida Limited Liability Company, Shutters on the Ocean, LLC., a Florida Limited

Liability Company, Boutique Hotels America, LLC., a Michigan Limited Liability Company,

Grand Hotels & Resorts International, Inc., Hanna's Design Studio, Inc., S.L. 2002, LLC., Hilton

- 3 -

Head Hotel Management, LLC., University Investments, LLC., My Hotel Interest, LLC., Sunshine Ocean, LLC., Orlando Grand Hotel Management, LLC., BG Hotel Management, LLC., WD Hotel Management, LLC., Orlando Metropolitan Hotel Management, LLC., International Hotel Management, LLC., 4116 Ocean Drive, LLC., Resort America, LLC., Wall Street Ventures, LLC., Little Inn Management, LLC., H.K. Hotel Management, LLC., Tropic Ranch Management, LLC., 6323 Investments, LLC., 8444 Investments, LLC., Radisson Hotel International Drive, LLC., Villa Caprice Hotel Management, LLC., Chase Hotel Management, LLC., Sea Horse Hotel Management, LLC., Beachside Hotel Management, LLC., Aqua Hotel Management, LLC., Buccaneer Bay Holdings, LLC., Tropic Ranch, Inc., Sand Pillow Properties, Inc., Far West Funding Group, Inc., Pericles Investment Group, Inc., Ashley Holdings, Inc., World Wide Marinas, Inc., Flamingo Hotel Associates, Inc., Pacific IX, Inc., Intercoastal Hotels, Inc., Sea Lord Management, Inc., Boca Raton Hotel Associates, Inc., OGR Enterprises, Inc., Little Italy Oceanside Investments, LLC., 7400 Investments, LLC., Canada Dry Investments, LLC., Sea Mist Holdings, LLC., R.O. Developments, LLC., Madison Avenue Investment Advisors, LLC., Marco Beach Club Associates, LC., Orlando Grand Resorts, LC., Entertainment Management CO., LC., Gab of Winter Park, Inc., Seasons Hotels, Inc., Adam David Enterprises, Inc., Casa Playa Management Co., Inc., Hawaiian Ocean Inn Associates, Inc., Singer Island Resorts, Inc., Waterfront Management, Inc., Pierpointe Management, Inc., Intercoastal Hotels, Inc., Flamingo Hotel Associates, Inc., The Infinity Group, Ltd., Polselli Children's Trust, Hotel Management Corporation, Grand Hotels & Resorts International, Inc., Atlantic Hotels Corporation, Atlantic Hotel Group, LLC., Hills Street Blues, Winco Properties, Inc. d/b/a Paramount Hotel, WH Management, Inc. d/b/a Helen Wilkes Hotel, HW Management CO.,

- 4 -

Prudential Group, Ltd., Palm Beach Hotels, Inc., Polselli Holding Corporation, Inc., Karcho

Building, LLC., Karcho Enterprises, Inc., Karchon Investments, LLC., Historic Resort Corp.,

Charlotte Hotel Associates, Sugar Loaf Resort, LLC., TLB Lodging Corp., Waterfront Hotel

Ventures, LLC., Wilkes Hotel Corp., Hanna Hotel Enterprises, Toll Grand Ventures, LLC.,

Prudential Management Corporation, Little Rock Hotel Associates, Inc., Alexander Property

Investments, LLC., Oakland Hills Land Development, LLC., Times Square Hotel Management,

LLC., Broadway Hotel Management, LLC., The Met Hotel, LLC., Club Metro Investments,

LLC., Detroit Hotel Management, LLC., Quantum Hotels, LLC., Broadway Investment Partners,

LLC.,  Hanna Karcho, an individual and Remo Polselli, an individual, and " John Doe's"

( collectively, **" Defendants "** )  for their complaint against defendants alleges as follows:

## NATURE OF THE CASE

1. This is an action for triple damages, costs and attorney fees (if any) which action arises under

and is brought pursuant to (i) 18 *USC section* 1962 *et. seq.*,1964(c), 1965(a)-(b),  to remedy the

violation(s) of the Racketeer Influenced Corrupt Organizations Act ( " RICO " ) 18 *USC section*

1962, *et. seq.* ( Against All Defendants ), (ii) 18 USC *section* 1951, *et. seq.*, the " Hobbs Act ",

(iii) for a judgment pursuant to the Declaratory Judgment Act, 28 USC *section* 2201;

(iv) violation(s) of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. *section*

501.203, *et. seq.*, (v) violation(s) of Florida Civil RICO Act, Fla. Stat.772.101, *et. seq.*,

(vi) Conversion; (vii) Civil Theft; (viii) Unjust Enrichment; (ix) Temporary and Permanent

Injunctive Relief; (x) *imposition of equitable liens*, and (xi) *foreclosure of equitable liens*.

## PARTIES

2. Kenneth A. Frank and Angela DiPilato are the Plaintiffs. They bring suit as Class Representatives. They have standing to sue in this capacity because they possess the same interests and suffered the same type of injury as all other class members.

3. Plaintiff, Kenneth A. Frank is a natural person and citizen of the United States of America and resident of the State of Florida and County of Broward, is over the age of eighteen (18) years, and is otherwise *sui juris*. Plaintiff Kenneth A. Frank is one of the thousands of victims of the the massive criminal enterprise being run by Defendant(s) Hanna Karcho and Remo Polselli.

4. Plaintiff, Angela DiPilato is a natural person and citizen of the United States of America and resident of the State of Florida and County of Broward is over the age of eighteen (18) years, and is otherwise *sui juris*. Plaintiff Angela DiPilato is *also* one of the several thousand victims of the massive criminal enterprise being run by Defendant(s) Hanna Karcho and Remo Polselli.

5. Oceanside Lauderdale, Inc. is a Florida for Profit Corporation whose principal place of business was at 4658 North Ocean Boulevard, Lauderdale by the Sea, Florida 33308. The individual Plaintiff(s) Frank and DiPilato lost this business and its income as a result of the Defendants illegal acts and actions complained of herein. Oceanside Lauderdale, Inc has assigned its rights and claims related to this suit to the individual Plaintiff(s) Frank and DiPilato. The corporate entity, Oceanside Lauderdale, Inc is not a party to this action.

6. The Individual Defendants Hanna Karcho and Remo Polselli, the conspirators behind the " enterprise " and artifice use the hundreds of corporate entities and companies they have formed to disguise their identities, operate and facilitate the criminal enterprise, hide the identities of the

- 6 -

real parties in interest, evade creditors, including but not limited to Local, State and Federal Government(s), and the Citizens of the State of Florida and United States of America. and, for the *fraudulent* purposes alleged herein. All the entities are " associated-in-fact " with the enterprise.

7. ALL the corporate and company entities were created for an illegal and fraudulent purpose and they have been largely successful in performing as intended by its creators. There *raison d'etre* is to enable the conspirators to illegally obtain profits in a variety of ways as more fully explained in the sections of this Complaint to follow.

8. Defendant, Ocean 4660, LLC., is a Florida Limited Liability Company with its principal address at 40800 Woodward Avenue, Bloomfield Hills, Michigan 48304 and is the corporate entity that owns the real property known situate and lying as 4658 and 4660 North Ocean Drive, Lauderdale-by-the-Sea, Florida. and the entity who the Plaintiffs managed-leased the restaurant from that is the subject of this litigation. The individual defendant(s) Karcho and Polselli are owners, mangers, principals or otherwise related to the entity. This entity is a part of the criminal enterprise being run by Defendant(s) Karcho and Polselli. The individual Defendant(s) Karcho and Polselli. Defendant was and is a " person " subject to suit as defined in 18 *USC section* 1961, *et. seq.*.

9. Defendant, Shutters on the Ocean, LLC., is a Florida Limited Liability Company with its principal address at 40800 Woodward Avenue, Bloomfield Hills, Michigan 48304 and is a corporate entity which operates and/or manages the Hotel ( subject of this litigation ) for the Defendant(s) Karcho and Polselli, holds the liquor license for the premises and is responsible for the payment of relevant taxes, *inter alia*. The individual Defendant(s) Karcho and Polselli are

- 7 -

owners, managers, principals or otherwise related to the entity. This entity holds certain other relative licenses. This entity is a part of the criminal enterprise being run by Defendant(s) Karcho and Polselli. The individual Defendant(s) Karcho and Polselli  was and is a " person " subject to suit  as defined under 18 *USC section* 1961.

10. Defendant Boutique Hotels America, LLC., is a Michigan Limited Liability Company with its principal address at 30900 Telegraph Road, Suite 100, Bingham Farms, Michigan 48025 and is a corporate entity inserted by the individual Defendant(s) Hanna Karcho and Remo Polselli ( after the commencement of this litigation ) to operate the " Hotel " which is the subject of this litigation. The individual Defendant(s) Hanna Karcho and Remo Polselli are owners, members, managers, principals or otherwise related to this entity. This entity is a part of the criminal enterprise being run by Defendant(s) Karcho and Polselli. The individual Defendant(s) have inserted this entity into the equation to further the scheme to defraud.

11. Upon information and belief, Defendant Boutique Hotels America, LLC., is " Not in Good Standing " with the Michigan Department of State; (b) Has not filed taxes since 2006, and ( c ) Is not registered to do business within the State of Florida as it does not have a Certificate of Authority.

12. Upon information and belief, ALL the Defendant Corporation and Companies, including, but not limited to OCEAN 4660, LLC., SHUTTERS ON THE OCEAN, LLC., TROPIC RANCH INC., LITTLE ITALY OCEANSIDE INVESTMENTS, MADISON AVENUE INVESTMENT ADVISORS, LLC., BROADWAY INVESTMENT PARTNERS, 8444 INVESTMENTS, LLC., 6323 INVESTMENTS, LLC.,MARCO BEACH CLUB ASSOCIATES, HILTON HEAD HOTEL GROUP, QUANTUM HOTELS, LLC., DETROIT HOTEL MANAGEMENT, LLC.,

- 8 -

CLUB METRO INVESTMENTS, LLC., BOUTIQUE HOTELS AMERICA, LLC., ( collectively the " Polselli-Karcho Companies ") ( " Defendants " ), are companies which operate as part of a large group of companies which are substantially owned and/or controlled by the individual Defendant(s) Remo Polselli and Hanna Karcho and are a part of the criminal enterprise, associated-in-fact with the enterprise and, have participated in the ongoing racketeering activity to wit;

13. Grand Hotels & Resorts International, Inc. is a corporation organized and existing under the laws of the State of Michigan.

14. Hanna's Design Studio, Inc. is a corporation organized and existing under the laws of the State of Michigan.

15. S.L. 2002, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

16. Hilton Head Hotel Management, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

17. University Investments, LLC., is a limited liability company organized and existing under the laws of the State of Florida.

18. My Hotel Interest, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

19. Sunshine Ocean, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

20. Orlando Grand Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Florida.

- 9 -

21. BG Hotel Management, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

22. WD Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Florida.

23. Orlando Metropolitan Management, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

24. International Hotel Management, LLC. is a limited liability company organized and existing under the laws of the State of Florida.

25. 4116 Ocean Drive, LLC is a limited liability company organized and existing under the laws of the State of Florida.

26. Resort America LLC is a limited liability company organized and existing under the laws of the State of Florida.

27. Wall Street Ventures LLC is a limited liability company organized and existing under the laws of the State of Florida.

28. Little Inn Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

29. H.K. Hotel Management LLC is a limited liability company organized and existing under the laws of the State of Michigan.

30. Tropic Ranch Management LLC is a limited liability company organized and existing under the laws of the State of Michigan.

31. 6323 Investments LLC is a limited liability company organized and existing under the laws of the State of Michigan.

- 10 -

32. 8444 Investments, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

33. Radisson Hotel International Drive, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

34. Villa Caprice Hotel Management LLC is a limited liability company organized and existing under the laws of the State of Michigan.

35. Chase Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

36. Sea Horse Hotel Management LLC is a limited liability company organized and existing under the laws of the State of Michigan

37. Beachside Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

38. Aqua Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

39. Buccaneer Bay Holdings, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

40. Tropic Ranch, Inc is a corporation organized and existing under the laws of the State of Florida.

41. Sand Pillow Properties, Inc is a corporation organized and existing under the laws of the State of Florida.

42. Far West Funding Group, Inc is a corporation organized and existing under the laws of the State of Florida.

43. Pericles Investment Group, Inc is a corporation organized and existing under the laws of the State of Florida.

44. Ashley Holdings, Inc is a corporation organized and existing under the laws of the State of Florida.

45. World Wide Marinas Inc is a corporation organized and existing under the laws of the State of Michigan.

46. Flamingo Hotel Associates, Inc is a corporation organized and existing under the laws of the State of Michigan.

47. Pacific IX, Inc is a corporation organized and existing under the laws of the State of Michigan.

48. Intercoastal Hotels, Inc is a corporation organized and existing under the laws of the State of Michigan.

49. Sea Lord Management, Inc is a corporation organized and existing under the laws of the State of Michigan.

50. Boca Raton Hotel Associates, Inc is a corporation organized and existing under the laws of the State of Michigan.

51. OGR Enterprises, Inc is a corporation organized and existing under the laws of the State of Michigan.

52. Little Italy Oceanside Investments, LLC is a limited liability company organized and existing under the laws of the State of Florida.

53. 7400 Investments, LLC is a limited liability company organized and existing under the laws of the State of Florida.

- 12 -

54. Canada Dry Investments, LLC is a limited liability company organized and existing under the laws of the State of Florida.

55. Sea Mist Holdings, LLC is a limited liability company organized and existing under the laws of the State of Florida.

56. R.O. Developments LLC is a limited liability company organized and existing under the laws of the State of Michigan.

57. Madison Avenue Investment Advisors, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

58. Marco Beach Club Associates, LC is a limited liability company organized and existing under the laws of the State of Michigan.

59. Orlando Grand Resorts, LC is a limited liability company organized and existing under the laws of the State of Michigan.

60. Entertainment Management Co., LC is a limited liability company organized and existing under the laws of the State of Michigan.

61. Gab of Winter Park, Inc is a corporation organized and existing under the laws of the State of Florida.

62. Seasons Hotels, Inc is a corporation organized and existing under the laws of the State of Florida.

63. Adam David Enterprises, Inc is a corporation organized and existing under the laws of the State of Florida.

64. Casa Playa Management Company is a corporation organized and existing under the laws of the State of Florida.

- 13 -

65. Hawaiian Ocean Inn Associates, Inc is a corporation organized and existing under the laws of the State of Florida.

66. Singer Island Resorts, Inc is a corporation organized and existing under the laws of the State of Florida.

67. Waterfront Management, Inc is a corporation organized and existing under the laws of the State of Florida.

68. Pierpointe Management Inc is a corporation organized and existing under the laws of the State of Florida.

69. Intercoastal Hotels, Inc is a corporation organized and existing under the laws of the State of Michigan.

70. Flamingo Hotel Associates, Inc is a corporation organized and existing under the laws of the State of Michigan.

71. The Infinity Group, Ltd is a corporation organized and existing under the laws of the State of Delaware.

72. The Polselli Children's Trust is a trust fund organized and existing under the laws of the State of Michigan. Admittedly, Defendant Remo Polselli controls the trust and uses the trust to evade creditors and taxes, among other things.

73. Hotel Management Corporation os a corporation organized and existing under the laws of the State of Michigan.

74. Grand Hotels & Resorts International, Inc is a corporation organized and existing under the laws of the State of Michigan.

75. Atlantic Hotels Corporation is a corporation organized and existing under the laws of the State of Michigan.

- 14 -

76. Atlantic Hotel Group, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

77. Hills Street Blues Inc is a corporation organized and existing under the laws of the State of Michigan.

78. Winco Properties, Inc d/b/a Paramount Hotel is a corporation organized and existing under the laws of the State of Michigan.

79. WH Management, Inc d/b/a Helen Wilkes Hotel is a corporation organized and existing under the laws of the State of Michigan.

80. HW Management Co is a corporation organized and existing under the laws of the State of Michigan.

81. Prudential Group, Ltd is a corporation organized and existing under the laws of the State of Michigan.

82. Palm Beach Hotels Inc is a corporation organized and existing under the laws of the State of Michigan.

83. Polselli Holding Corp is a corporation organized and existing under the laws of the State of Michigan.

84. Karcho Building, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

85. Karcho Enterprises, Inc is a corporation organized and existing under the laws of the State of Michigan.

86. Karchon Investments, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

- 15 -

87. Historic Resort Corp. is a corporation organized and existing under the laws of the State of Michigan.

88. Charlotte Hotel Associates is a corporation organized and existing under the laws of the State of North Carolina.

89. Sugar Loaf Resort, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

90. TLB Lodging Corp is a corporation organized and existing under the laws of the State of Arkansas.

91. Waterfront Hotel Ventures, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

92. Wilkes Hotel Corp is a corporation organized and existing under the laws of the State of Florida.

93. Hanna Hotel Enterprises, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

94. Toll Grand Ventures, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

95. Prudential Management Corp is a corporation organized and existing under the laws of the State of Michigan.

96. Little Rock Hotel Associates, Inc is a corporation organized and existing under the laws of the State of Michigan.

97. Alexander Property Investments, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

98. Oakland Hills Land Development, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

99. Times Square Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

100. The Met Hotel, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

101. Broadway Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

102. Club Metro Investments, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

103. Detroit Hotel Management, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

104. Quantum Hotels, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

105. Broadway Investment Partners, LLC is a limited liability company organized and existing under the laws of the State of Michigan.

106. ALL the corporate and company entities are coconspirators with the individual defendants, are associated-in-fact with the criminal enterprise, are intricate parts of the criminal enterprise, have participated in the racketeering activity, do substantial business in the State of Florida, were organized under the laws of the State of Florida or are otherwise subject to the jurisdiction of this Court.

107. ALL Defendant(s) was and is a " person " subject to suit  as defined in 18 *USC section 1961, et. seq.*

- 17 -

108. ALL the corporate and company entities were formed to own and operate the " Hotels " which are the subject of this litigation. The individual Defendant(s) Hanna Karcho and Remo Polselli are owners, members, managers, principals or otherwise related to these entities. These entities are a part of the criminal enterprise being run by the individual Defendant(s) Karcho and Polselli. The individual Defendant(s) have inserted these entities into the equation to further the scheme to defraud and criminal enterprise.

109. ALL Defendant(s) and Defendant(s) Karcho and Polselli, hold liquor license(s) for the premises and are responsible for the payment of relevant taxes, *inter alia*.  The individual Defendant(s) Karcho and Polselli are the " ring leaders ".

110. Remo Polselli and Hanna Karcho operate under a maze of corporations including the company entities named herein and others as of yet unidentified companies acting in active concert with, and as agents for, Hanna Karcho and Remo Polselli. These companies were and are used interchangeably by the individual Defendant(s) Hanna Karcho and Remo Polselli, as part of the massive scheme to defraud, to evade taxes, to evade creditors and debts, to embezzle funds, to be judgment proof, to run up debt, evade personal liability, to launder money, commit wire and mail frauds,  facilitate and further the criminal enterprise and to conduct racketeering activity. These companies have all been ***sued*** literally ***thousands*** of ***times***. Thus, the companies change corporate structures and names on numerous occasions.

111. Further, upon information and belief, Hanna Karcho and Remo Polselli use the companies collectively as one collective " *piggy bank* " , taking funds from one company indiscriminately to pay the obligations of another, among other transactions, such that the companies have a unity of

- 18 -

interest with the individual Defendant(s) Hanna Karcho and Remo Polselli and with each other to an extent that the separate identities of each other no longer exist or should not be recognized independently of one another.

112. Thus, the Companies are all mere *" alter egos "* and agents for the individual Defendant(s) Hanna Karcho and Remo Polselli and each other, which were and are used as an integral part of the " racketeering enterprise " alleged herein below, were used to effectuate the fraudulent and unlawful acts as alleged in this Complaint, are part of the criminal enterprise, and/or were formed for the purpose of shielding the individual Defendant(s) Hanna Karcho and Remo Polselli ( by their own admissions in prior court proceedings - *See,* Matter of; Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds v. Remo (Raymond ) Polselli and Hotel Management Corporation (a/ka or d/b/a Hotel, St. Regis ), Grand Hotels & Resorts International, Inc., Atlantic Hotels Corporation, and Atlantic Hotel Group, LLC., jointly and severally, United States District Court for the Eastern District of Michigan, Case No.: 2:02-cv-73262.) from personal liability and accountability, to evade taxes, to further the criminal enterprise, to evade creditors, run up debt and to perpetrate the massive scheme to defraud upon plaintiffs and others, and for conducting racketeering activity, among other things.

113. The companies operate without regard to corporate formalities, therefore, the corporate forum should be pierced and disregarded.

114. The individual Defendant(s) Hanna Karcho and Remo Polselli actively participate in the business activities of each and every company defendant and use the company defendants as part of the massive scheme to defraud and criminal enterprise.

115. Defendant, Hanna Karcho is a citizen of the United States of America and State of Michigan residing at 40800 Woodward Avenue, Bloomfield Hills, Michigan 48304 and is one of the individual Defendants directly responsible for the acts complained of herein. Defendant Karcho is a person who is a part of the criminal enterprise as defined in 18 *USC section* 1961. ( Defendant Karcho and Polselli are husband and wife ). Defendant Karcho has been determined to be the *" alter ego "* for Defendant Remo Polselli ( "her Husband") and the corporate and company defendant(s) by the United States District Court for the Eastern District of Michigan. ( *See,* Hanna Karcho - Polselli v. United States of America, Department of Treasury, Internal Revenue Service, Case No.: 2:08 -cv-13218 ).

116. Defendant, Remo ( Raymond ) Polselli is a citizen of the United States of America and State of Michigan residing at 40800 Woodward Avenue, Bloomfield Hills, Michigan 48304 and is one of the individual Defendants directly responsible for the acts complained of herein. Defendant Polselli is a person who  is a part of the criminal enterprise as defined in 18 *USC section* 1961. ( Defendant Polselli is Defendant Karcho's husband ).

117. Because the individual Defendant(s) Hanna Karcho and Remo Polselli are the *" alter egos "* of the corporate defendants and the corporate defendants operate as a maze, part and parcel to the criminal enterprise and as determined in the Matter of; Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds v. The infinity Group, Ltd., *et al.,* United States District Court for the Eastern District of Michigan, Case No. 2:02-cv-73262 they are responsible for the debts of said companies and the companies are proper parties to this action and all the companies are liable to the Plaintiffs herein..

- 20 -

118. ALL the Defendant(s) are a part of the enterprise. Plaintiffs have been injured as a result of the acts and actions of the enterprise.

119. Upon information and belief, Defendants Hanna Karcho and Remo Polselli, have achieved much of their success by conspiring with each other, as well as, other parties and by virtue of numerous processes: (1) through tax evasion; (2) defrauding creditors and evading debt; (3) utilizing the credit profiles, assets, finances and portfolios of others *only* to their benefit; (4) unreasonable, unsavory and unsound business practices; and (5) their pernicious trade and business practices, fraud and conspiracy, *inter alia* as alleged below. Upon information and belief, Defendants have conducted purposeful activity in, and directed communications within the State of Florida, including, but not limited to, transfer of assets, and letters, LOI's, contracts and titles to Real Property, *inter alia* for purposes of carrying out their plan and scheme to defraud.

120. Defendant John Doe was, at all times relevant hereto, any party having or claiming a lien or interest in the real property known, situate and lying as 4658 and/or 4660 North Ocean Drive, Lauderdale by the Sea, Florida, 33308 and/or the Restaurant known as Beachside Grill situated within said premises whose names are unknown to the plaintiffs at this time.

121. Defendant John Doe was, at all times relevant hereto, corporations, limited liability companies and other entities formed by the individual defendant(s) Hanna Karcho and Remo Polselli which operate as part of the individual defendants criminal enterprise.

122. Defendant John Doe, was at all times relevant hereto, any party having or claiming a lien on any of the real and/or personal property that is the subject of this litigation and/or related to any of the Defendant(s).

- 21 -

123. It was the individual Plaintiff(s) Kenneth A. Frank and Angela DiPilato who are the real parties in interest, who paid the taxes, who funded the venture and who were the actual *victims* who were defrauded by the Defendants, the parties who were injured and damaged, among other things, thus, the proper party plaintiffs herein.

124. Oceanside Lauderdale, Inc. is a party referred to in this action because it was the corporate entity that entered into the contract with Defendants. Oceanside Lauderdale, Inc. Prior to the commencement of this lawsuit Oceanside Lauderdale, Inc. has assigned any of its claims, rights and/or causes related to this lawsuit to the individual Plaintiffs.

## JURISDICTION AND VENUE

125. The Court has jurisdiction pursuant to 28 *USC section(s)* 1331, 1332, 18 USC *section* 1951(The "Hobbs Act"), and 18 *USC section(s)* 1962, *et. seq.,*1964(c), 1965(a)-(b).

126. This Court has supplemental jurisdiction over the State claims pursuant to 28 USC *section* 1337.

127. Venue is proper in the Southern District of Florida based upon 28 *USC* 1391(b)(1)(2) and (c) as the Southern District of Florida is the judicial district where a substantial part of the events giving rise to the claim occurred, *inter alia.*.

128. This Court has jurisdiction over the individual Defendant(s) Hanna Karcho and Remo Polselli and the corporate and company Defendant(s) because of the acts alleged in this Complaint, and because they engaged in substantial and not isolated business activities in the State of Florida including, but not limited to, real estate transactions, operating the Defendant Hotels, maintaining bank accounts, among other things.

- 22 -

129. 18 *USC section* 1964(c) states in pertinent part:

> " <u>Any person</u> injured in his business or property by reason
> of a violation of 1962 of this chapter may sue thereafter
> in any appropriate United States District Court and shall
> recover threefold the damages he sustains and the costs
> of the suit, including a reasonable attorney's fee..............."

130. 28 *USC section* 1654 states in pertinent part:

> " In all courts of the United States the parties may plead
> and conduct their own cases personally or by counsel
> as, by the rules of such courts, respectively, are
> permitted to manage and conduct causes therein........."

## DEFINITIONS

131.  " Management Agreement is sometimes hereinafter referred to as the;" Contract ", "

Lease " and/or "  Agreement " shall mean the " Agreement " under which Plaintiff(s) managed -

leased a restaurant from the enterprise. Pursuant to the "Agreement" the Plaintiff(s) paid the "

Defendant Enterprise "tax money" which the Defendant Enterprise collected and failed and

refused to pay to the proper authorities.

 132. The Management  Agreement is referenced, annexed hereto as Exhibit "A" and made a

part of the complaint. Definitions contained therein are controlling and mean the same as those

definitions used throughout the complaint.

- 23 -

## - INTRODUCTION -

133. As recent events make clear, some people are very greedy. They will stop at nothing to scam someone of their money. Their singular purpose in life is to make a buck, regardless of who, or how many, gets hurt in the process. Unfortunately, this case is one more example of what happens when the pursuit of the almighty dollar is separated from basic notions of right and wrong. In this case, two so-called business people Remo Polselli and Hanna Karcho ( " husband and wife " ), conjured up a maze of corporations which own and/or operate Hotels ( literally hundreds ) throughout the United States and extensively in the State of Florida. Polselli and Karcho use these Hotels as the vehicles in the massive scheme to defraud ( criminal enterprise ) plaintiffs and many others. Polselli and Karcho pocket all the income derived from the Hotels and use it to finance their lavish lifestyle and further the criminal enterprise. In what has truly become a sad cliche, Polselli and Karcho misused plaintiffs hard-earned money and through deceit got plaintiffs to be ensnared in the scheme and substantially renovate and improve their property.

134. Then, adding insult to injury, when Plaintiffs began to question Polselli and Karcho about their failure to pay taxes, Polseli and Karcho - as fraudsters often do - responded with threats, intimidation, violence and unlawful eviction tactics, among other things. In fact in numerous emails Polselli and Karcho clearly made threats and false misrepresentations.

135. It is crystal clear, that to protect their ill-gotten gains and further the criminal enterprise Polselli and Karcho created a complex web of companies, trusts, corporate entities, and shell corporations, all with the stated purpose of ensuring that they would be unreachable under the

- 24 -

law for their unlawful activities, to evade creditors, to evade taxes, and further the criminal enterprise in its racketeering activity, among other things.

136. This is a civil action seeking, among other things, compensatory and exemplary damages brought to redress a pattern of racketeering activity and tortious misconduct on Defendants' part targeting persons throughout the United States, including Florida. The allegations detailed herein below involve a massive scheme to defraud, thousands of violation(s) of the " Hobbs Act ", 18 USC section 1951, *et. seq.*, including but not limited to mail and wire fraud, the" massive tax scheme to defraud ", the laundering of millions of dollars of illegitimately diverted funds at financial institutions and through other corporations, and the conversion of such funds into real property, personal property, and businesses, together constituting an illicit criminal enterprise funded and maintained with ill-gotten gains in violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 *USC section* 1961, *et seq.*

## PRELIMINARY STATEMENT

137. The Karcho-Polselli group Companies, Hanna Karcho and Remo Polselli ( collectively the ' **Karcho-Polselli Group Defendants**" ) are in the business of owning and operating Hotels in resort areas in the State of Florida and throughout the United States of America.

138. Said Hotels comprise the Karcho-Polselli Group Criminal Enterprise and are used by the individual Defendant(s) Hanna Karcho and Remo Polselli in the massive scheme to defraud, to conduct racketeering activity and to further the criminal enterprise.

- 25 -

## JURISDICTIONAL GROUNDS - 18 *USC SECTION* 1961, *et seq.*

139 . Plaintiffs brings this claim pursuant to the Racketeer Influenced Corrupt Organizations

Act ( " RICO " ) 18 USC section 1961, *et seq.* against individual Defendant(s) Remo Polselli and

Hanna Karcho and the many corporate entities, which entities are owned, managed, operated and

otherwise controlled by the individual Defendant(s) Remo Polselli and Hanna Karcho as a part of

their vast criminal enterprise, who are the " associated-in-fact enterprise " and, who committed

the criminal, fraudulent acts, violation(s) of the " Hobbs Act ", 18 USC *section* 1951, *et seq.*, and

conducted the racketeering activity against plaintiffs and others in violation of 18 USC Section

1961, *et seq.* "the  Racketeer Influenced and Corrupt Organizations Act "( " RICO " ).

140. For years through the filing of this Complaint, Defendants Remo Polselli and Hanna

Karcho ( individually referred to by name and collectively referred to as the " Ringleaders ")

presided over an expanding organization that; (a) has committed various forms of tax fraud on a

daily basis ( literally thousand of acts ); (b) a vast scheme to defraud the plaintiffs and others;

that acts in a fashion related to racketeering; (c) whose acts and actions are related to interference

with commerce, robbery and extortion; (d) whose acts and actions of engaging in monetary

transactions in property derived from specified unlawful activity; (e) extortion; ( f ) wire fraud;

(g) mail fraud; (h) violation(s) of the Hobbs Act, 18 USC section 1951, *et. seq.*; (i) money

laundering; (j) among other things - and racketeering activity that continues unabated to this day.

141. These Defendant(s) Remo Polselli and Hanna Karcho have perpetrated these acts through

literally hundreds of corporate entities formed in the States of Michigan, Florida, North Carolina,

South Carolina, Arkansas, Ohio and others, whereas, they operate " Hotels " and related entities.

- 26 -

142. The Defendant(s) Remo Polselli and Hanna Karcho use these entities to conduct the aforesaid criminal enterprise, to collect and withhold millions of dollars in tax money for their own personal use, gain and furtherance of the criminal enterprise, to evade creditors, to defraud vendors, to swindle each and every person these entities come into contact with, and to run up debt and taxes. The real properties that are the subject of this litigation is owned and operated by the " enterprise " and was property derived from specified unlawful activity and further used to engage in monetary transactions in property derived from specified unlawful activity.

143. The hundreds of corporations formed by the individual Defendant(s) Hanna Karcho and Remo Polselli have been sued literally thousands of times, have amassed thousands of judgments against them, have evaded taxes, have operated by committing all the aforesaid criminal acts and operate in complete disregard for corporate formalities.

144. In essence Defendant(s) Hanna Karcho and Remo Polselli have implemented a massive scheme to defraud Plaintiffs, the United States Government, State and Local Government and the Citizens of the United States of America and the State of Florida.

145. The Defendant(s) Polselli and Karcho routinely have their tenants such as Plaintiff pay sales tax monies to them through the corporate entities which taxes the Defendants do not pay. The Defendant Enterprise collects and withholds said taxes, thereafter, refusing and failing to pay them to the proper authority, and using these tax proceeds to expand the criminal enterprise and fund their lavish lifestyle. Likewise, the Defendant(s) Polselli and Karcho do not pay sales taxes they have collected directly through their corporate entities and/or that they promised to pay as part of agreements with tenant/manger entities such as Plaintiffs' corporation and others. Similarly, on a daily basis, the Defendant(s) collect and withhold " sales taxes ", " tourism taxes

- 27 -

", " withholding taxes from employees ", " income taxes" " union dues from employees ", social security benefits " all of which they fail and refuse to pay. Said proceeds are used to fund and further the criminal enterprise and fund the lavish lifestyle of the individual defendants, *i.e.*, the " Ringleaders, Karcho and Polselli ". All of which will be set forth in greater detail, *infra*.

146. On information and belief, as a matter of practice, procedure and protocol, as a part of the massive scheme to defraud, the Defendant(s) Polselli and Karcho individually and through their corporate entities routinely set forth terms in contracts to induce their victims, such as Plaintiff to enter into contracts with no intention of performing under the terms of the contracts. While the Defendant(s) abscond with thousands of dollars. This is evidenced by the literally thousands of judgments that have amassed against the individual defendants and their hundreds of corporate entities. *Id.* 18 U.S.C. *section* 1951.

147. The Defendant Companies that the " Ringleaders " created and controlled are part of a well-organized illegal enterprise that engages in systematic and pervasive fraudulent practices that distinguishes them from legitimate entities ( " Hotels " ). On information and belief, the components of that enterprise follow practices that constitute a racketeering scheme dictated by the " ringleaders " including, but not limited to:

- Unlike legitimate companies collecting and withholding, then failing and refusing to pay sales taxes, tourism taxes, payroll taxes, income taxes, employee benefits, union dues, etc.;

- Unlike legitimate companies collecting taxes from tenants and withholding said taxes for the use and furtherance of the enterprise;

- Unlike legitimate companies entering into contracts with the intent to defraud;

- Unlike legitimate companies amassing millions of dollars in debt without intention to pay;

- 28 -

- Unlike legitimate companies committing wire and mail fraud;

- Unlike legitimate companies filing false identification documents;

- Unlike legitimate companies willfully depleting the corporate assets;

- Unlike legitimate companies defrauding employees;

- Unlike legitimate companies embezzling from pension and welfare funds, among other things.

- Unlike legitimate companies obstructing Federal,State and Local Law Enforcement;

- Unlike legitimate companies interfering with commerce;

- Unlike legitimate companies engaging in monetary transactions in property derived from specified unlawful activity, including but not limited to Defendant Polselli's massive tax fraud where he absconded with approximately Three Million ( $ 3,000,000.00 ) Dollars;

- Unlike legitimate companies engaging in extortion and robbery, and

- Unlike legitimate companies conducting racketeering activity on a daily basis.


148. In these and numerous other ways, Defendants sought to extort and deceive Plaintiffs, the United States Government, State and Local Governments and the Citizens of the United States of America and State of Florida.

149. Every aspect of Defendants' fraudulent scheme was motivated by money and greed, without regard to the grave harm inflicted on the public at large and Plaintiffs.

150. The duration, scope and nature of Defendants' illegal conduct brings this case well within the realm of criminal conduct to which the Racketeer Influenced and Corrupt Organizations Act ( " RICO " ) applies. The Defendants did not engage in specific acts of fraud - although that would be troubling enough - they adopted a fraudulent blueprint as their business plan. Every

- 29 -

facet of Defendants' operation is carried out for the purpose of committing fraud.


### - Defendant(s) and Defendant Remo Polselli's Background -


151. Since as far back as 1993, Polselli and Karcho own numerous Hotels which they operate as a criminal enterprise (As will be set forth in greater detail, *infra. See*, " RICO " violations 18 USC *section* 1961). ( The " associated-in-fact enterprise) 18 USC *section* 1961(4)).

152. The *individual* Defendants Polselli and Karcho ( the " ringleaders") and the *companies* ( the enterprise ) have evaded taxes, unlawfully, wrongfully and otherwise improperly collected and refused and failed to pay taxes and have been sued thousands of times.............

153. During the ongoing complex scheme to defraud, and as part of the complex multiple schemes and pattern, Defendant Polselli used his Hotels ( criminal enterprise ) to steal $ 2,901,399.00 in employee withholding taxes that he used for his own personal use and in furtherance of expanding his criminal enterprise. ( *See*, USA v. Polselli - Case No.: 2:02 -cr-80846 - U.S. District Court Pacer Documents - Annexed Hereto as Exhibit "B"). This is just one example. A detailed recitation of Polselli's continuing Criminal enterprise will be set forth, *infra* in Plaintiffs " RICO " claim.

154. Upon information and belief, under the indictment in United States of America v. Polselli, Case No.: 2:02-cr-80846, Polselli was sentenced to 27 months in prison, 3 years post release supervision and restitution of $ 2,901,399.00. Restitution was *never* made. These funds were used to purchase the real properties that compose the associated-in-fact- enterprise and who

- 30 -

continues the ongoing "pattern of racketeering activity ", *i.e.*, *effectuating the complex tax scheme*, and wrongfully extorting and obtaining money and other property in violation of the " Hobbs Act ", 18 USC *section* 1951, *et. seq.* which goes on unabated to this day.   *Id.* 18 USC *section* 1962(b).

155. Upon further information and belief, as part of Defendant Polselli's sentencing agreement he can not own these hotels. This was stipulated for the government to monitor Polselli's ability to make restitution. Polselli is not making restitution. To the *contrary* [he] Polselli is expanding the criminal enterprise with the restitution monies.

156. In 2001, Defendant Polselli ***pled guilty*** to tax evasion in the operation of his hotels. ( the " association-in-fact enterprise). He was charged by the North Carolina Department of Revenue with State Sales and Withholding Tax violations. Polselli *voluntarily* surrendered to authorities at the Wake County Public Safety Center in Raleigh in 2001 where he was served with 18 warrants charging him with State tax evasion. Polselli appeared before District Court Judge Paul Gessner and entered guilty pleas to all charges. Polselli was president of Defendant Charlotte Hotel Associates and Defendant Historic Resort Corp., which operated as Lake Lure Inn, located in Lure, N.C. from 1993 to 1999. Polselli underreported the sales tax by $ 248, 457.00 and the withholding tax by $ 48, 860.00 to the North Carolina Department of Revenue.

157. In August 2002, Defendant Polselli and the " enterprise " collected and failed and refused to pay pension and welfare contributions for employees. ( *See*, *Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds v. Remo (Raymond) Polselli, Hotel Management Corporation, et. al.* - United States District Court for the Eastern District of Michigan - Case No.: 02-73262). In *Hotel Employees v. Polselli* the enterprise absconded with

- 31 -

pension and welfare fund contributions.

158. In his deposition, in the matter of; <u>Hotel Employees and Restaurant Employees International Union v. Remo Polselli, et. al.,</u> ( United States District Court for the Eastern District of Michigan - Case No.: 02-73262), Defendant Polselli admits that he forms these corporations for the purpose and furtherance of his scheme to collect, withhold and fail and refuse to pay sales taxes, tourism taxes, to evade creditors and to further the criminal enterprise.

159. In June 1999, in a separate case, a judgment was entered in *favor* of <u>Hotel Employees International Union,</u> in the amount of $ 67,178.29. (*See, Hotel Employees International Union v. the Infinity Group, Ltd., et. al.* - (U.S.D.C.E.D.M. - Case No.: 98-70391). The enterprise refused and failed to pay any of the money owed on the judgment.

160. To date, there are in excess of $ 3 Million Dollars in Federal Tax Warrants that the " enterprise " continually evades and fails and refuses to pay.

161. In 2002, in the State of Ohio, in the *matter of; Thomas Zaino Tax Commissioner v. Remo Polselli and Winco Properties, et. al.,* Case No.: 00-V- 1379. Defendant Remo Polselli was determined to be responsible for the filing and payment of sales tax under R.C. 5739.33 which the " enterprise " had collected, and failed and refused to pay.

162. In 2009, in the State of Florida, the Defendants (criminal enterprise) under just one of its artifice names has evaded, collected and failed and refused to pay in excess of $ 107,592.93. This conduct is ongoing in the State of Florida under hundreds of " fictitious names " and remains unabated until today. ( *See,* State of Florida Sales Tax Warrants and Division of Corporation Entity Data Sheets - Annexed Hereto *collectively* as Exhibit "C" and incorporated herein by reference).                              - 32 -

163. As stated, *supra*, Defendant Polselli, Defendant Karcho ( ***Polselli's " alter ego "***) and the " enterprise " have collected, failed and refused to pay millions of dollars in Federal Taxes. These funds were diverted to the association-in-fact-enterprise for its continued expansion and operation and used to fund the lavish lifestyle of the " ringleaders " Polselli and Karcho. *See,* Notice of Federal Tax Liens annexed hereto as Exhibit "D", and incorporated herein by reference in the sum of Three Million Nine Hundred Sixty Thousand ninety Nine ( $ 3,960,099. 60) Dollars and Sixty cents. *Id.* 18 USC *section* 1962(a),1962(b),1962(c), and1962(d).

164. In 2006, in a Greektown Casino, Defendant Hanna (Rani) Karcho was charged in the 36th. District Court with felony cheating at a gambling game and obtaining money under false pretenses. Defendant Karcho ***plead guilty.*** ( *See,* Incident No.: GTC-119-06).

165. The ***"enterprise"*** has been sued literally hundreds of thousands of times for wrongfully obtaining money property and goods and services under color of official authority and company policy and without intention to pay; in violation of 18 USC section 1951, *et. seq., i.e.,* the " Hobbs Act". These funds and goods and property were diverted and used to operate the " enterprise", expand the "enterprise" and for the benefit of the " ringleaders", to wit;

166. Pending in the United States District Court for the Eastern District of Michigan ( Civil Docket No.:2:09-mc-51386 is the Matter of; United States of America v. Remo Polselli and Hill Street Blues, Inc., being presided over by the Honorable Avern Cohn, U.S.D.J. is another massive " tax evasion " case against the individual Defendant Remo Polselli and another of the association-in-fact Defendants, which Defendant(s) Karcho and Polselli are hiding behind.

- 33 -

167. In the afore-mentioned matter; <u>United States of America v. Remo Polselli</u>,*et al.,* the Internal Revenue Service issued a Summons on November 25, 2008, whereas, Defendant Polselli refused to produce tax records, among other things. This is despite, Defendant Polselli's admitted service of process and numerous requested extensions of time to do so.

168. In this matter, the Court signed an Order to Show Cause and Ordered Defendant Polselli to produce " tax records ". To date he still refuses to do so.

169. As a result of Defendants failure to pay their 2008 Tangible Taxes due to Broward County the revenue collections Officer, Mr. John Byrne posted a **warrant** upon Plaintiffs' restaurant and advised Plaintiff that a sale of Plaintiffs property would occur if the tax debt is not satisfied.

170. In addition from, the year 2000 to 2003 alone their were eight (8) Federal Lawsuits which *alleged* breaches of contracts, tax evasions, and fraud, among other things. ( *See,* <u>Hartford City Ins. v. Polselli, *et al.*,</u> Civil Action No.: 5:00 - cv -60305; <u>Howard Johnson v. Prudential Group, Ltd., *et al.*,</u> Civil Action No.: 2:94- cv - 73400; <u>United States of America v. Polselli,</u> Civil Action No.: 2:09-mc-51386; <u>Ramada Franchise Sys. v. Boca Raton Assoc., *et al.*,</u> Civil Action No.: 2:03-mc-70481; <u>Hotel Empl. Intl. Union v. Polselli,</u> *et al.*, 2:02-cv-72128 and <u>United States of America v. Polselli,</u> Case No.: 2:02-cr-72128.

171. In the matter of; <u>Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds v. Remo Polselli and Hotel Management Corporation,</u> ( Civil Action No.: 02-73262 ), Defendant Remo Polselli *admitted* that [he] and Defendant Karcho have set up an entity entitled the " Polselli Children's Trust for the sole purpose of evading creditors and hiding their ill-gotten gains.

- 34 -

172. Defendant(s) Hanna Karcho and Remo Polselli operate these 200 corporations ( " the Criminal Enterprise " ) without regard to any corporate formalities and the corporate *forum* should be pierced and dis-regarded. Defendant(s) Hanna Karcho and Remo Polselli own these numerous corporations which are undercapitalized and which end in closure or bankruptcy. They use the corporate forum to run up debt, evade taxes, hide their ill-gotten gains and evade personal liability in the operation and expansion of the criminal enterprise, as well as, funding their lavish lifestyle.

173. Recently, in the State of Florida alone Defendant(s) Hanna Karcho and Remo Polselli hiding behind the numerous corporate forums have intentionally evaded massive debt and **defrauded** numerous creditors. There are numerous judgments filed within the State of Florida for the various corporate entities the individual Defendant(s) Hanna Karcho and Remo Polselli hide behind. The Defendants and the enterprise fail and refuse to pay these judgments.

174. In the Matter of: <u>Hanna Karcho v. United States of America, Department of Treasury,</u> Civil Action No.: 2:08 -cv- 13218, it was determined that Defendant Hanna Karcho ( Polselli's Wife ) is the *alter ego* for Defendant Polselli and is responsible for his debt and other illegal actions. The Defendant Hanna Karcho, as *alter ego*, has amassed in excess of Three Million ( $ 3,000,000.00 ) Dollars in Federal Tax Liens which [she] intentionally refuses to pay.

175.  In the matter of <u>Sunshine Kosher Tours v. Wall Street Venture, LLC.,</u> Civil Action No.: 07-80411 the Defendant(s) Hanna Karcho and Remo Polselli through another one of the enterprises' corporations ( WSV is a Michigan company which owns the Orlando Grand Plaza Hotel  ) breached a contract, discriminated against and defrauded Sunshine Kosher Tours of Thousands of Dollars.

176. In the Matter of; <u>Hubocky, on his own behalf and others similarly situated, v. Tropic Ranch Management, LLC., a foreign limited liability company, Shutters on the Ocean, LLC., et al.,</u> Civil Action No.: 09-CV-60489, In the United States District Court for the Southern District of Florida, the Defendant(s) Hanna Karcho and Remo Polselli intentionally refused to pay employee taxes, and other employee compensation, among other things. Upon information and belief, and in consideration of this action, Defendant(s) Karcho and Polselli are pursuing the same criminal conduct and enterprise for which Defendant Polselli was convicted in the State of Michigan.

177. In the Matter of; <u>Hartford Casualty Ins. v. Polselli, Hanna Hotel Enterprises, et al.,</u> Civil Action No.: 5:00 -cv- 60305 In the United States District Court for the Eastern District of Michigan, the Defendant(s) Hanna Karcho and Remo Polselli through another of their companies, defrauded an Insurance Company by intentionally refusing to pay utilities at their Hotel and forcing the Utility Company to claim the utility bond provided by the insurer.

178. In 2002, in the Matter of; <u>Atlantic Hotel Group, LLC., Remo Polselli, et al. v. Holiday Hospitality Franchising, et al.,</u> Civil Action No.: 02-72128 In the United States District Court for the Eastern District of Michigan, the Defendants after knowingly defaulting in their franchise Agreement defrauded and extorted in excess of $ 700,000.00 from the Holiday Inn Hotel chain.

179. Upon information and belief, recently on December 07, 2009 the Internal Revenue Service has filed a new tax evasion case against Defendant, Polselli in re; United States of America v. Polselli ( Case No.: 2:09-mc-51386, whereas, the Honorable Judge Cohn has signed an Order to Show Cause directing Defendant Polselli to produce his tax records on or before February 12, 2010. Upon information and belief, Defendant Polselli has refused and continues to refuse to do so.

- 36 -

180. Upon information and belief, in the matter of; Premier Capital, LLC. v. Hanna Karcho - Polselli ( United States District Court for the Eastern District of Michigan - Case No.: 2:08-cv-11905-GCS-VMM *filed* 05-05-2008 ) the Defendants breached a contract with Plaintiff Premier Capital, LLC., and used tactics similar to those complained of herein in breaching the terms and conditions of said agreements in a scheme to defraud.

181. Through the operation of the enterprise and continued ongoing " racketeering activity" the *enterprise* has wrongfully obtained property in violation of 18 USC section 1951, and amassed judgments in the millions of Dollars which funds have been diverted to the operation and expansion of the enterprise and to benefit the ringleaders. Attached hereto as Exhibit "E " and incorporated herein by reference is a small example of said judgments and liens.

182. Pending in the United States District Court for the Eastern District of Michigan, under case No.: 2:10-mc-50404 is the matter of; *National Labor Relations Board v. Club Metro Investments, LLC, Detroit Hotel Management, LLC, Quantum Hotel Management, LLC and Remo Polselli* where the Defendants through the " enterprise " have absconded with in excess of 48 months of " union dues " which they collected from their 88 or so, employees withheld and fail and refuse to pay.

183. The enterprise has and continues to collect and withhold, while failing and refusing to pay tourism taxes on a daily and ongoing basis.

184. Recently, and on or about August 12, 2011, Channel 7 News (WXYZ) in the State of Michigan has reported a story relating to the individual Defendants and the enterprise relating to the scheme to defraud.

- 37 -

185. This background shows _only_ a minuscule amount of the funds stolen, misappropriated and obtained by the Defendants through the enterprise in the Tax and other *multiple* schemes which are employed by the enterprise on a daily basis.

186. The " enterprise " regularly uses wires to lure its *victims* and further the criminal acts, as it maintains a website. Annexed hereto as Exhibit "F" is a copy of the Defendant(s) ( the " enterprise's") website and incorporated herein by reference.

## GENERAL ALLEGATIONS AND THE SCHEME TO DEFRAUD

### - The Pattern of Racketeering Activity -

**A. The Relevant Statutes**

187. The Hobbs Act, codified at 18 U.S.C. 1951, states that "[w]hoever in any way or degree obstructs, delays or affects commerce...by...extortion or attempts so to do" commits a federal crime. " The term ' extortion' means obtaining of property from another, with his consent, induced by wrongful use of actual or threatened ....fear.....or physical violence.... _or_ under color of official right..." 18 U.S.C. *section* 1951.

188. The term " property" includes not only money and other tangible things of value, but also includes any intangible right considered as a source or element of income or wealth.  The term "fear" means a state of anxious concern, alarm or apprehension of harm, and includes fear of economic loss. The term "wrongful" means to obtain property unfairly and unjustly by one having no lawful claim to it. The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of

actual or threatened force, or violence, or fear of injury, immediate or future, to his person or

property, or property in his custody or possession, or the person or property of a relative or

member of his family or of anyone in his company at the time of the taking or obtaining.

189. The Travel Act, codified at 18 U.S.C. *section* 1952, states that "[w]hoever...uses the mail

or wire or any facility in interstate or foreign commerce, with intent to...promote, manage,

establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any

unlawful activity, and thereafter performs" an act so described, commits a federal crime. The

term " unlawful activity" includes attempted extortion, extortion, robbery and all the unlawful

acts and actions of the Defendants and the associated-in-fact enterprise as complained of herein,

and as defined under 18 U.S.C. *section* 1951. 18 U.S.C. *section* 1952. 18 U.S.C. *section* 1961, *et.*

*seq.*

### B.  Hobbs Act Violations - Extortion

190. Since as far back as 1993, continuing and unabated until today, the individual

Defendant(s) Hanna Karcho and Remo Polselli formed and expanded the " criminal enterprise "

and conducted ongoing racketeering activity *visa vis* the massive ' scheme to defraud ' through

*multiple* schemes and patterns, including but not limited to the following:

i.  The " tax scheme " wherein the individual Defendants ( the " ringleaders") by and
through the association-in-fact company and corporate Defendant(s) collect and withhold
numerous forms of taxes, *i.e,* ' sales taxes, tourism taxes, payroll taxes, income taxes, social
security benefits, etc..............', thereafter, refusing and failing to pay said taxes to the proper
authorities and diverting these tax proceeds to the ' enterprise ' for the purpose of operating and
expanding the enterprise and funding their lavish lifestyle and personal benefit;

ii.  By collecting and withholding union dues and pension and welfare benefits, thereafter,
failing and refusing to pay said benefits to the proper authority and diverting these proceeds to

- 39 -

the ' enterprise ' for the purpose of operating and expanding the enterprise and funding their lavish lifestyle and benefit;

   iii. By literally thousands of Acts that are violative of 18 USC *section* 1951, " the Hobbs Act";

   iv. Through robbery and extortion and other acts and actions *violative* of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 USC *section* 1961, *et. seq.*;

   v.   Through wire and mail frauds;

   vi.  By ***multiple*** schemes of obtaining money and property under color of official right, *i.e.,* contracts, etc............ or company policy without intention to pay for the property obtained, with the purpose of diverting said proceeds to the enterprise for its operation and, expansion and for the benefit of the " ringleaders " Polselli and Karcho;

   vii.  Failing and refusing to pay employee overtime compensation;

   viii.  Intentionally, failing and refusing to pay employees;

   ix.  Intentionally paying employees and vendors with checks without sufficient funds, and

   x.   Through a pattern and practice of ongoing racketeering activity, whereas, virtually every transaction (hundreds of thousands of predicate acts), and the entire business plan was designed for criminal purposes *violative* of State and Federal laws including but not limited to; *extortion*, robbery, violation(s) of the Hobbs Act, 18 USC section 1951, the RICO Act, 18 USC section 1962, *et. seq.*, Florida's Civil RICO Act, Fla. Stat.772.101, *et seq.*, etc....

   xi.  Among other unlawful acts and actions in violation of 18 USC 1962, *et. seq.*

191. The " Hobbs Act ", 18 USC section 1951 states in pertinent part:

> " Whoever in anyway or degree obstructs, delays, or affects commerce
> or the movement of any article or commodity in commerce, by
> robbery or extortion or attempts or conspires so to do, or commits
> or threatens physical violence to any person or property in furtherance
> of a plan or purpose to do anything in violation of this section shall be
> fined under this title or imprisoned not more than twenty years........... "

192. 18 USC section 1951(2) defines the term " extortion " as:

> " the obtaining of property from another, with his consent, induced
> by wrongful use of actual or threatened force, violence, or fear,
> or under color of official right......................................................."

193. From 1993 to 1997, Defendant Remo Polselli by and through the " enterprise " collected, withheld, failed and refused to pay in excess of 3 Million Dollars in federal withholding taxes for his employees and intentionally failed to pay the IRS the collected Federal Income Taxes and Social Security Taxes withheld from the Plaza Hotel employees wages, during that period. A *felony* in violation of Title 26, United States Code, Section 7202. *See,* IRS news publication annexed hereto as Exhibit "℗", and incorporated herein by reference. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

194. In 2001, Defendant Polselli ***pled guilty*** to tax evasion in the operation of his hotels. ( the " association-in-fact enterprise). He was charged by the North Carolina Department of Revenue with State Sales and Withholding Tax violations. Polselli *voluntarily* surrendered to authorities at the Wake County Public Safety Center in Raleigh in 2001 where he was served with 18 warrants charging him with State tax evasion. Polselli appeared before District Court Judge Paul Gessner and entered guilty pleas to all charges. Polselli was president of Defendant Charlotte Hotel Associates and Defendant Historic Resort Corp., which operated as Lake Lure Inn, located in Lure, N.C. from 1993 to 1999. Polselli underreported the sales tax by $ 248, 457.00 and the withholding tax by $ 48, 860.00 to the North Carolina Department of Revenue. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

- 41 -

195. In August 2002, Defendant Polselli and the " enterprise " collected and failed and refused to pay pension and welfare contributions for employees. ( *See, Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds v. Remo (Raymond) Polselli, Hotel Management Corporation, et. al.* - United States District Court for the Eastern District of Michigan - Case No.: 02-73262). In *Hotel Employees v. Polselli* the enterprise absconded with pension and welfare fund contributions. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

196. In June 1999, in a separate case, a judgment was entered in *favor* of <u>Hotel Employees International Union,</u> in the amount of $ 67,178.29. (*See, Hotel Employees International Union v. the Infinity Group, Ltd., et. al.* - (U.S.D.C.E.D.M. - Case No.: 98-70391). The enterprise refused and failed to pay any of the money owed on the judgment. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

197. To date, there are in excess of $ 3 Million Dollars in Federal Tax Warrants that the " enterprise " continually evades and fails and refuses to pay. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

198. In 2002, in the State of Ohio, in the *matter of: <u>Thomas Zaino Tax Commissioner v. Remo Polselli and Winco Properties, et. al.,</u>* Case No.: 00-V- 1379. Defendant Remo Polselli was determined to be responsible for the filing and payment of sales tax under R.C. 5739.33 which the " enterprise " had collected, and failed and refused to pay. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

- 42 -

199. In 2009, in the State of Florida, the Defendants (criminal enterprise) under just one of its artifice names has evaded, collected and failed and refused to pay in excess of $ 107,592.93. This conduct is ongoing in the State of Florida under hundreds of " fictitious names " and remains unabated until today. ( *See,* State of Florida Sales Tax Warrants and Division of Corporation Entity Data Sheets - Annexed Hereto *collectively* as Exhibit "C" and incorporated herein by reference). Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

200. Defendant Polselli, Defendant Karcho ( ***Polselli's " alter ego "***) and the " enterprise " have collected, failed and refused to pay millions of dollars in Federal Taxes. These funds were diverted to the association-in-fact-enterprise for its continued expansion and operation and used to fund the lavish lifestyle of the " ringleaders " Polselli and Karcho. *See,* Notice of Federal Tax Liens annexed hereto as Exhibit "D", and incorporated herein by reference in the sum of Three Million Nine Hundred Sixty Thousand ninety Nine ( $ 3,960,099.60) Dollars and Sixty cents. *Id.* 18 USC *section* 1962(a),1962(b),1962(c), and1962(d). Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

201. The ***"enterprise"*** has been sued literally hundreds of thousands of times for wrongfully obtaining money property and goods and services under color of official authority and company policy and without intention to pay; in violation of 18 USC section 1951, *et. seq., i.e.,* the " Hobbs Act". These funds and goods and property were diverted and used to operate the " enterprise", expand the "enterprise" and for the benefit of the " ringleaders" Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

- 43 -

202. Pending in the <u>United States District Court for the Eastern District of Michigan ( Civil Docket No.:2:09-mc-51386 is the Matter of; United States of America v. Remo Polselli and Hill Street Blues, Inc.,</u> being presided over by the Honorable Avern Cohn, U.S.D.J. is another massive " <u>tax evasion</u> " case against the individual Defendant Remo Polselli and another of the association-in-fact Defendants, which Defendant(s) Karcho and Polselli are hiding behind. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

203. Defendant(s) failed to pay their 2008 Tangible Taxes due to Broward County. The revenue collections Officer, Mr. John Byrne posted a **warrant** upon Plaintiffs' restaurant and advised Plaintiff that a sale of Plaintiffs property would occur if the tax debt is not satisfied. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

204. In the years 2000 to 2003 alone their were eight (8) Federal Lawsuits which *alleged* breaches of contracts, tax evasions, and fraud, among other things. ( *See,* <u>Hartford City Ins. v. Polselli, *et al.,*</u> Civil Action No.: 5:00 - cv -60305; <u>Howard Johnson v. Prudential Group, Ltd., *et al.,*</u> Civil Action No.: 2:94- cv - 73400; <u>United States of America v. Polselli,</u> Civil Action No.: 2:09-mc-51386; <u>Ramada Franchise Sys. v. Boca Raton Assoc., *et al.,*</u> Civil Action No.: 2:03-mc-70481; <u>Hotel Empl. Intl. Union v. Polselli,</u> *et al.*, 2:02-cv-72128 and <u>United States of America v. Polselli,</u> Case No.: 2:02-cr-72128. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

205. In 2002, in the Matter of; <u>Atlantic Hotel Group, LLC., Remo Polselli, *et al.* v. Holiday Hospitality Franchising, *et al.,*</u> Civil Action No.: 02-72128 In the United States District Court for the Eastern District of Michigan, the Defendants after knowingly defaulting in their franchise

- 44 -

Agreement defrauded and extorted in excess of $ 700,000.00 from the Holiday Inn Hotel chain.

206. Defendant(s) Hanna Karcho and Remo Polselli operate these 200 corporations ( " the Criminal Enterprise " ) without regard to any corporate formalities and the corporate *forum* should be pierced and dis-regarded. Defendant(s) Hanna Karcho and Remo Polselli own these numerous corporations which are undercapitalized and which end in closure or bankruptcy. They use the corporate forum to run up debt, evade taxes, hide their ill-gotten gains and evade personal liability in the operation and expansion of the criminal enterprise, as well as, funding their lavish lifestyle. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

207. In the State of Florida alone Defendant(s) Hanna Karcho and Remo Polselli hiding behind the numerous corporate forums have intentionally evaded massive debt and **defrauded** numerous creditors. There are numerous judgments filed within the State of Florida for the various corporate entities the individual Defendant(s) Hanna Karcho and Remo Polselli hide behind. The Defendants and the enterprise fail and refuse to pay these judgments. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

208. On December 07, 2009 the Internal Revenue Service has filed a new tax evasion case against Defendant, Polselli in re; United States of America v. Polselli ( Case No.: 2:09-mc-51386, whereas, the Honorable Judge Cohn has signed an Order to Show Cause directing Defendant Polselli to produce his tax records on or before February 12, 2010. Upon information and belief, Defendant Polselli has refused and continues to refuse to do so. Each such act of tax evasion constitutes extortion in violation of 18 U.S.C. *section* 1951.

209. Through the operation of the enterprise and continued ongoing " racketeering activity" the *enterprise* has wrongfully obtained property in violation of 18 USC section 1951, and amassed

- 45 -

judgments in the millions of Dollars which funds have been diverted to the operation and expansion of the enterprise and to benefit the ringleaders. Attached hereto as Exhibit "E " and incorporated herein by reference is a small example of said judgments and liens. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

210. Pending in the United States District Court for the Eastern District of Michigan, under case No.: 2:10-mc-50404 is the matter of; *National Labor Relations Board v. Club Metro Investments, LLC, Detroit Hotel Management, LLC, Quantum Hotel Management, LLC and Remo Polselli* where the Defendants through the " enterprise " have absconded with in excess of 48 months of " union dues " which they collected from their 88 or so, employees withheld and fail and refuse to pay. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

211. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay sales taxes on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

212. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay tourism taxes on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

213. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay withholding (payroll) taxes on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

214. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay social security benefits on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

- 46 -

215. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay pension and welfare benefits on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

216. The individual Defendants by and through the enterprise has and continues to collect and withhold, while failing and refusing to pay union dues on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

217. The individual Defendants by and through the enterprise has and continues to fail and refuse to pay employee overtime compensation on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

218. The individual Defendants by and through the enterprise has and continues to fail and refuse to pay employee compensation on a daily and ongoing basis. Each such act constituted a violation of 18 U.S.C. *section* 1951.

219. The numerous corporate and company entities are rotated in short intervals for the collection of the taxes. Most of the companies do not apply for sales tax numbers, in order to disguise the scheme and their identity from the governing authorities.

220. Some of the companies are used to launder the monies and/or protect the ringleaders ill-gotten gains and/or to own the real properties that are the vehicles of the enterprise.

221. Defendant Hanna Karcho knowingly and willfully allows Defendant Remo Polselli ( " her Husband " ) a  party with a long criminal history, including but not limited to tax evasion to operating the " criminal enterprise " to manage, control and otherwise operate the corporate and company defendant entities, with full decision making powers for said entities and for Defendant

- 47 -

Karcho. Therefore, the corporate and company Defendant(s), as well as, Defendant Karcho and Polselli are liable for their own actions and those of Defendant Polselli, and are all proper parties to this action. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

222. From 1993 unabated until today, on a daily basis, the individual Defendants Polselli and Karcho by and through the enterprise collect, withhold and fail and refuse to pay, sales taxes, tourism taxes and other taxes at a rate of 121/2 percent of the rental value of each and every hotel room rented in the enterprise-hotels. The enterprise is comprised of approximately 3,000 hotel rooms at any given time. The Defendant(s) use these funds to operate and expand the criminal enterprise and for their own benefit in funding their lavish lifestyle. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951.

223. From 1993 to date, the Defendant(s) by and through the associated-in-fact enterprise have stolen, extorted and absconded with over 1 Billion Dollars, under just this faction of the scheme to defraud through the ongoing pattern of racketeering activity. *Id.* 18 USC *section* 1951. 18 USC *section* 1952. Each such act constituted extortion in violation of 18 U.S.C. *section* 1951 and, therefore, each such act constituted a violation of the Travel Act, 18 U.S.C. *section* 1952.

224. The Defendant(s) by and through the enterprise have adopted a business plan, whereas, they scheme to defraud each and every person and business they come into contact with. Each such act constitutes extortion in violation of 18 U.S.C. *section* 1951.

225. Thus, each such act has been an extortion, whereas, the individual Defendant(s) Karcho and Polselli and the associated-in-fact enterprise have obtained money, property, and/or goods and services under color of official right, and each such act constituted extortion by Defendant(s) in violation of 18 U.S.C. 1951.

- 48 -

### C. Travel Act Violations

226. On each and every occasion, in the commission of the *violative* acts and actions, the Defendant(s) and the associated-in-fact enterprise used facilities in interstate commerce - namely emails - internet - wire transfers of money - mail - etc. - to promote, manage, establish and carry on, and facilitate the promotion, management, establishment, and carrying on, of the above described attempted extortions and extortions under 18 U.S.C. *section* 1951. Therefore, each such internet contact, wire transfer of money, emails, and mail constituted a violation of 18 U.S.C. *section* 1952.

### D. Racketeering Acts Within the Southern District of Florida

227. The Defendant(s) have committed the following racketeering acts within the Southern District of Florida, among others:

    a. On a daily and ongoing basis collecting, withholding, failing and refusing to pay sales taxes;

    b. On a daily and ongoing basis collecting, withholding, failing and refusing to pay tourism taxes;

    c. On a daily and ongoing basis collecting, withholding, failing and refusing to pay withholding (payroll) taxes;

    d. On a daily and ongoing basis collecting, withholding, failing and refusing to pay withholding (payroll) taxes;

    e. On a daily and ongoing basis collecting, withholding, failing and refusing to pay social security benefits;

    f. On a daily and ongoing basis collecting, withholding, failing and refusing to pay pension and welfare benefits;

    g. On a daily and ongoing basis collecting, withholding, failing and refusing to pay union dues;

h.  On a daily and ongoing basis intentionally, failing and refusing to pay vendors and creditors;

i.  On a daily and ongoing basis intentionally, failing and refusing to pay employees and creditors;

j.  On a daily and ongoing basis intentionally, failing and refusing to pay employee overtime compensation;

k.  On a daily and ongoing basis extortion;

l.  On a daily and ongoing basis violation(s) of the State of Florida Alcohol and Beverage Laws;

m. On a daily and ongoing basis intentionally laundering money generated by the pattern of racketeering activity;

n. On a daily and ongoing basis manipulating the enterprise for the purposes of concealing, and/or benefitting from the pattern of racketeering activity;

o. On a daily and ongoing basis operating the enterprise through a pattern of racketeering activity;

p. On a daily and ongoing basis acquiring and maintaining an interest in the enterprise through a pattern of racketeering activity;

q. On a daily and ongoing basis conspiring to vioalte subsection(s) a,(b) or (c) of the RICO Act.

228. The mails and wires were used in the furtherance of the massive scheme to defraud, in literally hundreds of thousands of the illegal transactions and racketeering activity.

229. So pervasive are these practices that the FBI has now opened an investigation.

### -Allegations and The Scheme to Defraud - Particular to Plaintiffs-

#### - The Tax Scheme-

230. On June 06, 2009, Defendant(s) Karcho and Polselli posted an internet advertisement -

- 50 -