UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62004-CIV-COHN/SELTZER

KENNETH A. FRANK and
ANGELA DIPILATO,

    Plaintiffs,
v.

OCEAN 4660, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION TO DISCHARGE
## *LIS PENDENS* AND EQUITABLE LIENS

**THIS CAUSE** is before the Court upon Defendant Ocean 4660, LLC's Emergency Motion to Discharge *Lis Pendens* and Equitable Liens or, Alternatively, to Set *Lis Pendens* Bond [DE 116] ("Motion"). The Court has carefully considered the Motion and accompanying Memorandum of Law [DE 117], Plaintiffs Kenneth A. Frank and Angela DiPilato's Response [DE 120], Defendant Ocean 4660's Reply [DE 123], and the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On September 13, 2011, Plaintiffs Kenneth A. Frank and Angela DiPilato, acting *pro se*, filed this action against 94 defendants. See Complaint [DE 1]. The Complaint brings the following claims: (1) violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et. seq.*,1964(c), and 1965(a)-(b); (2) violation of the Hobbs Act, 18 U.S.C. § 1951 *et. seq.*; (3) Declaratory Judgment under 28 U.S.C. § 2201; (4) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203, *et. seq.*; (5) violations of Florida's Civil RICO Act, Fla.

Stat. § 772.101, *et. seq.*; (6) conversion; (7) civil theft; (8) unjust enrichment; (9) temporary and permanent injunctive relief; (10) imposition of equitable liens; and (11) foreclosure of equitable liens.  Compl. ¶ 1.

On October 14, 2011, Defendant Ocean 4660, LLC ("Ocean 4660") filed the instant motion to discharge a *lis pendens* and two equitable liens on the property or alternatively, to set a *lis pendens* bond.  According to the Affidavit of Hanna Karcho, the sole member of Defendant Ocean 4660, Plaintiffs filed and recorded an "Equitable Lien" against the property at 4658-4660 North Ocean Drive, Lauderdale-by-the-Sea, Florida, with the Broward County Clerk on August 16, 2011.  Affidavit of Owner [DE 117 at 19-22] ("Karcho Affidavit") ¶¶ 1, 2, 10.  The Karcho Affidavit also represents that Plaintiffs filed a "Notice of Pendency" (the "*lis pendens*") relating to this action on September 13, 2011, and filed and recorded another "Equitable Lien" against the property on September 26, 2011.  Id. ¶ 10.  On September 2, 2011, Defendant Ocean 4660 entered into an agreement to sell the property at issue to a non-party for $13,250,000.  Id. ¶ 7.  The agreement provides for a 60-day period to resolve any title issues, and permits the purchaser to terminate the agreement if any title issues are not resolved within that period.  Id. ¶ 8.  The purchaser has identified the *lis pendens* and the two equitable liens filed by Plaintiffs as such title issues that must be resolved within the title issue resolution period.  Id. at ¶ 11.  Thus, Defendant Ocean 4660 seeks an Order from this Court discharging the *lis pendens* and equitable liens.  In the alternative, Defendant Ocean 4660 requests that the Court compel Plaintiffs to post a bond of $13,250,000 because the liens will cause the sale of the property to fall through.  Plaintiff opposes the motion.

## II. LEGAL STANDARD

A federal court has the authority to utilize Florida Statute § 48.23(3) to discharge a lien "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property."  Fla. Stat. § 48.23(3).  In Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972),[1] the Court of Appeals affirmed the authority of a federal district court to discharge a *lis pendens* under Florida law because the court "determined that the suit does not directly affect the real property."  Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute."  Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996) (citing Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993)).

## III. ANALYSIS

### A. Motion to Discharge *Lis Pendens* and Equitable Liens

Plaintiffs argue that the liens should not be discharged because (1) their action is founded on a duly recorded instrument, and (2) the action is sufficiently related to the subject property.  As explained below, both arguments fail.

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

### 1. This Action is Not Founded Upon a Duly Recorded Instrument

This action is not founded upon a duly recorded instrument. The "recorded instrument" to which Plaintiffs refer is the Restaurant Management Agreement [DE 120 at 19-31]. See Resp. at 3. However, the mere fact that Plaintiffs happen to have recorded this contract does not place the matter outside the purview of § 48.23(3). A recorded instrument does not provide the predicate for a *lis pendens* as of right if it does not put a good faith purchaser on notice that there is a cloud on the title, and the Restaurant Management Agreement does not provide such notice. See Ross v. Breder, 528 So. 2d 64, 65 (Fla. Dist. Ct. App. 1988) (finding the fact that a partnership agreement and warranty deed to the subject property did not place the matter outside the purview of § 48.23(3) because "the partnership agreement and deed would not put a good faith purchaser on notice that there is a cloud on the title.") (citations omitted). Therefore, the Restaurant Management Agreement does not prohibit this Court from discharging the *lis pendens* and equitable liens.

### 2. This Action Does Not Affect the Subject Property

This action does not affect the subject property within the meaning of § 48.23(3). "A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of *lis pendens*." Lake Placid Holding Co. v. Paparone, 414 So. 2d 564, 566 (Fla. Dist. Ct. App. 1982). "A cause of action for equitable relief such as a *lis pendens* does not arise simply because a promise to pay is subsequently broken." Id. "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of

real property, the filing of a notice of lis pendens is not authorized." DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. Dist. Ct. App. 2006). Plaintiffs highlight that "[t]he entire Complaint is laced with allegations of ***fraud***, misrepresentations of essential facts and other wrong doings," Resp. at 5, but they fail to show how such allegations are connected to the title or any right of possession of the subject property. Plaintiffs suggest that the subject property was involved in collecting, withholding, and refusing to pay various sales taxes and tourism taxes, see id. at 6-7, but again, Plaintiffs have not shown that such claims justify the encumbrances that Plaintiffs have imposed on the property. Any request for relief against the subject property has no basis in the forms of relief available to Plaintiffs for the majority of their claims. Indeed, the majority of the counts in the Complaint request damages, equitable and injunctive relief relating to Defendants' acts and practices, and a declaration regarding Defendants' purported violations. See Compl.

Plaintiffs also point specifically to their claim for imposition of equitable liens as evidence that this action is sufficiently connected to the subject property. In their Response, Plaintiffs contend that this claim stems from the fact that they "made substantial improvements to the Defendant Ocean 4660, LLC's real property," Resp. at 8, but the Complaint states only that the equitable lien claims arise "pursuant to Plaintiffs' claims for Declaratory Relief, and violation(s) of the Racketeer Influenced Corrupt Organizations Act . . .," Compl. ¶ 559 (no mention of any work performed on the property). Under Florida law, an equitable lien may be imposed on real property when (1) a written contract evidences an intent to bind the property as security, or (2) the circumstances involve fraud or other misrepresentations involving the property

subject to the *lis pendens*. Hallmark Mfg., Inc. v. Lujack Const. Co., Inc., 372 So. 2d 520, 522 (Fla. Dist. Ct. App. 1979). Neither situation arises here.

First, Plaintiffs have pointed to no written contract evidencing an intent to bind the subject property as security. Though Plaintiffs have attached their Restaurant Management Agreement to their Response, this agreement does not indicate that Plaintiffs are entitled to charge the subject property with any debt or obligation. See Ness Raquet Club, LLC v. Renzi Holdings, Inc., 959 So. 2d 758, 761 (Fla. Dist. Ct. App. 2007) (discharging *lis pendens* where agreement was "indubitably a service agreement for the breach of which no lien may attach and which will not support the filing of a lis pendens"). Plaintiffs have pointed to no other contract showing that Defendant Ocean 4660 intended to offer its real property in connection with any debt or obligation.[2] See Blumin v. Ellis, 186 So. 2d 286, 294 (Fla. Dist. Ct. App. 1966) ("An equitable lien or mortgage will [only] arise from a written contract which shows an intention to charge or mortgage some particular property with a debt or obligation."); see also Hansen v. Five Points Guar. Bank, 362 So. 2d 962, 964 (Fla. Dist. Ct. App. 1978) ("An equitable lien results . . . only when the intention to offer the land as security for the debt is clearly apparent.").

Second, Plaintiffs have not pointed to any circumstances involving fraud or other misrepresentations involving the subject property. As Defendant Ocean 4660 notes in

---

[2] Contrary to Plaintiffs' contention that section 6.11.3 of the Restaurant Management Agreement demonstrates consent to the issuance and imposition of the *lis pendens*, see Resp. at 4, this section states only that the parties consent to "the issuance of an Order to Show cause, injunction or restraining order . . . restraining any threatened breach or any continuing breach of any covenant imposed upon the parties herein," Restaurant Mgmt. Agmt. § 6.11.3. This section does not evidence consent to the issuance of a *lis pendens*.

its Reply, Plaintiffs' allegations involve the ownership of a liquor license, general background allegations concerning a purported enterprise and Defendants' purported prior conduct, tax payment issues and general conclusory allegations concerning Defendants' purported criminal conduct. Reply at 7. The sole fact that the subject property was owned by individuals who are accused of perpetrating certain fraud and other misconduct is insufficient to justify the encumbrances that Plaintiffs have placed on the property.

Therefore, Plaintiffs have not met their "burden of proof to show a fair nexus between the property and the dispute." Little Arch Creek Properties, 675 So. 2d at 917. Consequently, because this action is not founded upon a duly recorded instrument and because the action does not affect the subject property within the meaning of § 48.23(3), the Court has the authority to utilize § 48.23(3) to discharge the lien.

### 3. The Lis Pendens and Equitable Liens Will be Discharged

Pursuant to § 48.23(3), "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions," Fla. Stat. § 48.23(3). In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, a party must establish the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994); McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998). Applying these standards apply to this case demonstrates that Defendant Ocean

4660's Motion should be granted.

First, even though Plaintiffs bears the burden to show a fair nexus between their claims and the subject property, Defendant Ocean 4660 has shown a substantial likelihood of success on the merits that the present lawsuit does not have a fair nexus to the real property.  The claims in the Complaint are focused upon an alleged enterprise involving taxes, money laundering, and other allegedly criminal acts in the operation of the Defendants' business operations.  Such an enterprise does not affect the subject property to the extent that it requires encumbrances on the sale of the property.  Second, Defendant Ocean 4660 has demonstrated a substantial threat of irreparable harm if the Motion is not granted by showing specific evidence that it will lose the opportunity to close on a signed contract to sell the property for over $13 million.  See Karcho Affidavit.  The *lis pendens* and equitable liens filed by Plaintiffs effectively prohibit the real property from being sold.  Beefy King, 464 F.2d at 1104.  Third, such injury outweighs any injury to Plaintiffs as allowing the sale of the property does not inhibit Plaintiffs from recovering any relief to which they are entitled under their claims.  Finally, the public interest is best served by allowing real property to be sold on the open market, and to discourage possible frivolous filings of liens on property that would stifle such sales.  Therefore, the Court will grant Defendant Ocean 4660's Motion and discharge the pending *lis pendens* and equitable liens.

### B. Alternative Motion to Set Bond

Regarding the alternative request to compel Plaintiffs to post a bond of $13,250,000, the Court will not impose a bond at this time because it is granting the request to discharge the *lis pendens* and equitable liens.  However, should Plaintiffs

appeal this Order, the appeal will effectively perpetuate the liens and preclude Defendant Ocean 4660 from completing its sale. Therefore, in accordance with the above discussion and this Court's recent decision in <u>DiPilato v. Rudd & Diamond, P.A. et al.</u>, Case No. 10-62492, DE 119 (S.D. Fla. filed on Dec. 22, 2010) ("<u>Rudd & Diamond</u>"), if Plaintiffs appeal this Order, they shall immediately post a bond to cover the potential damages if their failure to discharge the *lis pendens* and equitable liens causes the contract for sale of the subject property not to close. As in <u>Rudd & Diamond</u>, the amount of the bond is best determined by the amount of the contracted price for the property, $13,250,000. <u>Id.</u>; <u>see also</u> Karcho Affidavit ¶¶ 7-8.

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Emergency Motion to Discharge *Lis Pendens* and Equitable Liens or, Alternatively, to Set *Lis Pendens* Bond [DE 116] is **GRANTED**;

2. The Notice of Pendency filed in the records of Broward County, Florida, with filing location CFN # 110266750, OR BK 48175 Page 1779, Recorded 09/13/2011 at 12:41 PM, is hereby **DISCHARGED**;

3. The Notice of Claim of Lien filed in the records of Broward County, Florida, with filing location CFN # 110216326, OR BK 48116 Page 1756, Recorded 08/16/2011 at 01:37 PM, is hereby **DISCHARGED**; and

4. The Notice of Claim of Lien filed in the records of Broward County, Florida, with filing location CFN # 110289655, OR BK 48202 Page 188, Recorded 09/26/2011 at 12:27 PM, is hereby **DISCHARGED**;

It is further **ORDERED AND ADJUDGED** that if Plaintiffs appeal this Order:

1. Plaintiffs shall, contemporaneously with their appeal, file a supersedeas bond in the amount of $13,250,000 in the docket of this action;

2. Plaintiffs shall immediately take the necessary action to release and/or discharge the following:

    a. The Notice of Pendency filed in the records of Broward County, Florida, with filing location CFN # 110266750, OR BK 48175 Page 1779, Recorded 09/13/2011 at 12:41 PM;

    b. The Notice of Claim of Lien filed in the records of Broward County, Florida, with filing location CFN # 110216326, OR BK 48116 Page 1756, Recorded 08/16/2011 at 01:37 PM; and

    c. The Notice of Claim of Lien filed in the records of Broward County, Florida, with filing location CFN # 110289655, OR BK 48202 Page 188, Recorded 09/26/2011 at 12:27 PM;

3. Failure to timely file the bond shall result in the release of the Notice of Pendency and both Notices of Claim of Lien.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of October, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Angela DiPilato and Kenneth A. Frank, *pro se*
via CM/ECF regular mail
and facsimile to 954-657-8405