UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62004-CIV-COHN/SELTZER

KENNETH A. FRANK and
ANGELA DIPILATO,

    Plaintiffs,

v.

OCEAN 4660, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING EMERGENCY MOTION TO DISCHARGE *LIS PENDENS*

**THIS CAUSE** is before the Court on Defendants 8444 Investments, LLC ("8444 Investments") and 6323 Investments, LLC's ("6323 Investments") Emergency Motion to Discharge *Lis Pendens* [DE 134] ("Motion"). The Court has carefully considered the Motion and accompanying Memorandum of Law [DE 135 at 1-12] ("Memorandum"), and the record in this case, and is otherwise fully advised in the premises.[1]

---

[1] Though the Court would normally direct an expedited response in such a circumstance, Federal Rule of Civil Procedure 65 permits a Court to rule without written or oral notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). The Court applies Rule 65 to the instant Order based on Defendants' moving pursuant to that rule, see Mot. at 1, and Florida Statute § 48.23, which provides that "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions," Fla. Stat. § 48.23(3). Here, the specific facts in the Affidavit of Hanna Karcho clearly show that immediate and irreparable injury or loss will result before Plaintiffs can be heard in opposition. See Affidavit of Owner [DE 135 at 17-20] ("Karcho Affidavit"). Ms. Karcho declares that the encumbrances at issue could be utilized by the mortgagees to declare a default on the subject properties, which will expose the properties to foreclosure, loss of property, increased interest, and related damages. Id. ¶¶ 11, 12; see also id. ¶¶ 13-16. The Motion also asserts that it has been filed on an emergency basis so that the issues can be resolved "prior to the refinancing." Mot. at 3 ¶ 6. Additionally, counsel for

## I.  BACKGROUND

On September 13, 2011, Plaintiffs Kenneth A. Frank and Angela DiPilato, acting *pro se*, filed this action against 94 defendants.  See Complaint [DE 1].  The Complaint brings the following claims: (1) violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et. seq.*,1964(c), and 1965(a)-(b); (2) violation of the Hobbs Act, 18 U.S.C. § 1951 *et. seq.*; (3) Declaratory Judgment under 28 U.S.C. § 2201; (4) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203, *et. seq.*; (5) violations of Florida's Civil RICO Act, Fla. Stat. § 772.101, *et. seq.*; (6) conversion; (7) civil theft; (8) unjust enrichment; (9) temporary and permanent injunctive relief; (10) imposition of equitable liens; and (11) foreclosure of equitable liens.  Compl. ¶ 1.

On November 17, 2011, Defendants 8444 Investments and 6323 Investments filed the instant motion to discharge a *lis pendens* and an equitable lien on real property known as the Radisson Hotel Orlando and Orlando Metropolitan Resort located at 8444 International Drive, Orlando, Florida 32819 (the "8444 Property") and the Orlando Metropolitan Express located at 6323 International Drive, Orlando, Florida 32819 (the "6323 Property").  According to the Affidavit of Hanna Karcho, the sole member of both 8444 Investments and 6323 Investments, Plaintiffs filed and recorded a "Notice of

---

Defendants certified in the Motion that he "attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues."  Mot. at 6.  Finally, the Court has already ruled on similar issues in this case in the Order Granting Emergency Motion to Discharge *Lis Pendens* and Equitable Liens [DE 124], and addressed Plaintiffs' arguments in response to the request at issue in that Order.  Therefore, given the exigency of the circumstances as well as the fact that the Court has already ruled on similar issues in this case, the Court decides this issue without a response.

Claim of Lien" against the 8444 Property and the 6323 Property, with the Orange County Records Office on October 10, 2011. Affidavit of Owner [DE 135 at 17-20] ("Karcho Affidavit") ¶¶ 1, 2, 9; see also Notice of Claim of Lien [DE 135-2 at 33-36]. The Karcho Affidavit also represents that Plaintiffs filed a "Notice of Pendency" (the "*lis pendens*") relating to this action on October 10, 2011. Karcho Affidavit ¶ 10; see also Notice of Pendency [DE 135-2 at 37-41].

Defendants 8444 Investments and 6323 secured financing for their respective properties from Intervest National Bank, and as security for the loans, granted a security interest through a mortgage. Id. ¶¶ 5-6. Both mortgages provide, in pertinent part, as follows:

> If any mechanic's lien and/or materialman's lien is filed against the Premises on or after the date of this Mortgage, or any other lien or encumbrance is filed against the Mortgaged Property, . . . Mortgagor shall cause such lien or encumbrance to be discharged of record by payment, bonding or otherwise within thirty (30) days after the Mortgagor is given notice thereof. Failure to so discharge of record any such lien or encumbrance within such thirty (30) day period shall be an event of default under this Mortgage, and shall entitle the Mortgagee, at Mortgagee's option and without further notice or cure period, to exercise any and all of the remedies of Mortgagee . . .

Id. ¶ 7; Mortgages [DE's 135 at 31-50, 135-1 at 1-15, 135-1 at 16-25, 135-2 at 1-24] at 16 § 11. The *lis pendens* and equitable lien constitute encumbrances on the subject properties, and could be utilized by the mortgagees to declare a default. Karcho Affidavit ¶ 11. As a result of such a default, Defendants 8444 Investments and 6323 Investments "will be exposed to foreclosure, loss of property, increased interest and related damages." Id. ¶ 12. Thus, Defendants 8444 Investments and 6323 Investments seek an Order from this Court discharging the *lis pendens* and equitable lien. In the alternative, Defendants 8444 Investments and 6323 Investments request

that the Court compel Plaintiffs to post a bond of $24,882,281 because of the potential damages that Defendants 8444 Investments and 6323 Investments would face if the liens forced a breach of the underlying mortgages.

## II.  MOTION TO DISCHARGE LIENS

A federal court has the authority to utilize Florida Statute § 48.23(3) to discharge a lien "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property."  Fla. Stat. § 48.23(3).  In Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972),[2] the Court of Appeals affirmed the authority of a federal district court to discharge a *lis pendens* under Florida law because the court "determined that the suit does not directly affect the real property."  Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute."  Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996) (citing Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993)).

### A. Authority to Use § 48.23(3) to Discharge Liens

The Court finds that it has authority to use § 48.23(3) to discharge the instant *lis pendens* and equitable lien because the pending Complaint does not show that the action is founded on a duly recorded instrument or on a construction lien, and the action

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

does not affect the subject properties.  First, for a recorded instrument to provide the predicate for a *lis pendens* as of right, it must put a good faith purchaser on notice that there is a cloud on the title.  See Ross v. Breder, 528 So. 2d 64, 65 (Fla. Dist. Ct. App. 1988) (finding the fact that a partnership agreement and warranty deed to the subject property did not place the matter outside the purview of § 48.23(3) because "the partnership agreement and deed would not put a good faith purchaser on notice that there is a cloud on the title.") (citations omitted).  Nothing in the Complaint references any such recorded instrument.  Second, the Complaint also does not reference any type of construction lien on the properties at issue.

Finally, with respect to the relation to the subject properties, "[a] complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of *lis pendens*." Lake Placid Holding Co. v. Paparone, 414 So. 2d 564, 566 (Fla. Dist. Ct. App. 1982).  "A cause of action for equitable relief such as a *lis pendens* does not arise simply because a promise to pay is subsequently broken."  Id.  "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. Dist. Ct. App. 2006).   Further, under Florida law, an equitable lien may be imposed on real property when (1) a written contract evidences an intent to bind the property as security, or (2) the circumstances involve fraud or other misrepresentations involving the property subject to the *lis pendens*.  Hallmark Mfg., Inc. v. Lujack Const. Co., Inc., 372 So. 2d 520, 522 (Fla. Dist. Ct. App. 1979).  Neither situation arises here. Thus, the pending action does not affect the subject properties within the meaning of

§ 48.23(3).

Plaintiffs therefore cannot "show a fair nexus between the property and the dispute." Little Arch Creek Properties, 675 So. 2d at 917. Consequently, because this action is not founded upon a duly recorded instrument or a construction lien, and because the action does not affect the subject property within the meaning of § 48.23(3), the Court has the authority to utilize § 48.23(3) to discharge the liens.

### B. The Court Will Discharge the Liens

Pursuant to § 48.23(3), "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." Fla. Stat. § 48.23(3). In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, a party must establish the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994); McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998). Applying these standards apply to this case demonstrates that Defendants 8444 Investments and 6323 Investments' Motion should be granted.

First, Defendants 8444 Investments and 6323 Investments have shown a substantial likelihood of success on the merits that the present lawsuit does not have a fair nexus to the subject properties. The claims in the Complaint are focused upon an alleged enterprise involving taxes, money laundering, and other allegedly criminal acts in the operation of the Defendants' business operations. Such an enterprise does not

affect the subject properties to the extent that it requires encumbrances on the properties.  Second, Defendants 8444 Investments and 6323 Investments have demonstrated a substantial threat of irreparable harm if their Motion is not granted by showing specific evidence that the liens subject the properties to defaults which could result in foreclosures, loss of property, increased interest, and related damages.  <u>See</u> Karcho Affidavit ¶¶ 11, 12.  Third, such injury outweighs any injury to Plaintiffs as preventing the defaults on the subject properties does not inhibit Plaintiffs from recovering any relief to which they might be entitled under their claims.  Finally, the public interest is best served by allowing people and business to enter into mortgage agreements and refinance when desired, and to discourage possible frivolous filings of liens on property that would stifle mortgage agreements and refinancing.  Therefore, the Court will grant Defendants 8444 Investments and 6323 Investments' Motion and discharge the pending *lis pendens* and equitable lien.

### III. ALTERNATIVE MOTION TO SET BOND

Regarding the alternative request to compel Plaintiffs to post a bond of $24,882,281, the Court will not impose a bond at this time because it is granting the request to discharge the *lis pendens* and equitable lien.  However, should Plaintiffs appeal this Order, the appeal will effectively perpetuate the liens and subject Defendant Defendants 8444 Investments and 6323 Investments to potential defaults on their properties and all of the potential resulting injuries.  Therefore, in accordance with the above discussion and this Court's recent decisions both in this case, <u>see</u> Order Granting Emergency Motion to Discharge *Lis Pendens* and Equitable Liens [DE 124],

and <u>DiPilato v. Rudd & Diamond, P.A. et al.</u>, Case No. 10-62492, DE 119 (S.D. Fla. filed on Dec. 22, 2010), if Plaintiffs appeal this Order, they shall immediately post a bond to cover the potential damages if their failure to discharge the *lis pendens* and equitable lien causes harm to Defendants 8444 Investments and 6323 Investments. The amount of the bond is best determined by the amount of the potential damage that would be caused by forcing a breach of the underlying mortgages, $24,882,281.  <u>See</u> Mem. at 2; <u>see also</u> Karcho Affidavit ¶¶ 13-14, 16.

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants 8444 Investments, LLC and 6323 Investments, LLC's Emergency Motion to Discharge *Lis Pendens* [DE 134] is **GRANTED**;

2. The Notice of Claim of Lien filed in the records of Orange County, Florida, with filing location DOC# 20110533292, B: 10279 P: 0081, recorded 10/10/2011 at 2:55:59 PM, is hereby **DISCHARGED**; and

3. The Notice Pendency filed in the records of Orange County, Florida, with filing location DOC# 20110533293, B: 10279 P: 0085, recorded 10/10/2011 at 2:55:59 PM, is hereby **DISCHARGED**.

It is further **ORDERED AND ADJUDGED** that if Plaintiffs appeal this Order:

1. Plaintiffs shall, contemporaneously with their appeal, file a supersedeas bond in the amount of $24,882,281 in the docket of this action;

2. Plaintiffs shall immediately take the necessary action to release and/or discharge the following:

      a.      The Notice of Claim of Lien filed in the records of Orange County, Florida, with filing location DOC# 20110533292, B: 10279 P: 0081, recorded 10/10/2011 at 2:55:59 PM; and

      b.      The Notice Pendency filed in the records of Orange County, Florida, with filing location DOC# 20110533293, B: 10279 P: 0085, recorded 10/10/2011 at 2:55:59 PM;

3.      Failure to timely file the bond shall result in the release of the Notice of Claim of Lien and Notice of Pendency.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Angela DiPilato and Kenneth A. Frank, *pro se*
via CM/ECF regular mail
and facsimile to 954-657-8405