UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62004-CIV-HUCK/BANDSTRA

KENNETH A. FRANK and ANGELA
DIPILATO,

    Plaintiffs,

v.

OCEAN 4660, LLC, et al.,

    Defendants.

_____/



## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

THIS MATTER is before the Court on Defendants, Ocean 4660 LLC *et al.*'s (collectively "the Defendants") Combined Motion to Dismiss or, Alternatively, for a More Definite Statement (D.E. # 119), filed October 18, 2011. In their Motion to Dismiss, the Defendants argue that the Complaint (D.E. # 1) does not meet the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and improperly invokes the Racketeering Influenced and Corrupt Organizations Act ("RICO") [18 U.S.C. § 1962 *et seq.*] to resolve what is inherently a commercial dispute. Alternatively, the Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Defendants also seek to quash service of process. For the reasons discussed below, the Defendants' Motion to Dismiss is granted, and the Complaint is dismissed with prejudice.

**I.    BACKGROUND**

This is not the first time the Court has encountered Plaintiffs, Kenneth A. Frank and Angela DiPilato's ongoing dispute with Defendants, Remo (Raymond) Polselli, Hanna Karcho, and Ocean 4660. The instant case arises out of the same business relationship between the same parties in a previous case that was dismissed by the Court.[1] *See Oceanside Lauderdale, Inc. v.*

---

[1] All of the defendants in *Oceanside Lauderdale* are also named as defendants in the instant action. However, the instant action also names an additional ten corporate entities as defendants.

1

*Ocean 4660, LLC*, No. 10-60025, 2010 WL 2044893 (S.D. Fla. May 24, 2010) (order dismissing the Third Amended Complaint). The *pro se* 123-page, 565-paragraph Complaint that is currently before the Court alleges that on July 1, 2009, Plaintiffs, on behalf of Oceanside Lauderdale, responded to a posting on Craigslist made by Remo Polselli, and Hanna Karcho, which advertised a hotel restaurant for lease. Compl., ¶¶ 230-34. After numerous communications, Oceanside Lauderdale and Ocean 4660 executed a lease agreement on July 18, 2009, whereupon Oceanside Lauderdale paid Ocean 4660 $36,000 and obtained occupancy of the premises. *Id.* ¶ 235-36. The lease agreement provided that Oceanside Lauderdale would pay a rent-management fee of $12,000 per month over an initial five-year lease term. Compl., Ex. A (D.E. # 1-3), at 2-3. The lease agreement also stated that the restaurant came with a valid liquor license, that Ocean 4660 was responsible for paying all applicable taxes, and that no self-help methods would be used in the event of an eviction. *Id.* at 2, 5, 9. On August 27, 2009, Oceanside Lauderdale, through the Plaintiffs, began operating the restaurant.

Plaintiffs allege that a series of disputes arose between Oceanside Lauderdale and Ocean 4660 over various obligations arising under the lease agreement. While the alleged facts vary to a slight degree, the crux of the instant case is identical to that which was previously before the Court in *Oceanside Lauderdale*.[2] Specifically, the instant Complaint alleges that Ocean 4660 collected, but did not pay, various taxes as required by the lease agreement. As a result, the Broward County Tax Enforcement Office and State of Florida issued multiple tax warrants to the restaurant and the adjacent hotel. Compl., ¶¶ 241-46. Plaintiffs also allege that Ocean 4660 refused to address numerous fire code violations, even at the request of Mr. Frank. *Id.* ¶¶ 253-54.

As in *Oceanside Lauderdale*, Plaintiffs allege that, either as a result of this disagreement or contemporaneous with the dispute, representatives of Ocean 4660 and Mr. Polselli undertook a harassment campaign against them. Specifically, Plaintiffs allege that in September 2009, Ocean 4660's hotel manager demanded $3,000 for costs associated with relocating hotel guests

---

Additionally, 8738 International Drive Holdings, LLC has moved to intervene because, in connection with the instant case, Plaintiffs have recorded a *lis pendens* against real property owned by 8738 International Drive (D.E. # 150).

[2] In *Oceanside Lauderdale*, Plaintiffs alleged that, in addition to failing to remedy several fire code violations and pay various tax obligations, the Defendants also charged for parking in violation of the lease agreement, and failed to properly maintain a toilet, among other things. None of the distinctions between the instant case and *Oceanside Lauderdale* are, however, material to the Court's analysis.

disturbed by excess noise from the restaurant. *Id.* ¶¶ 248-52. On December 25, 2009, Plaintiffs allege that one Nate Brown physically attacked Mr. Frank in the restaurant, removed various business records, and stole money from the restaurant's cash register. *Id.* ¶ 260. A subsequent act of violence is alleged to have occurred on December 31, 2009, when an unidentified man attacked and threatened Mr. Frank in the restaurant. *Id.* ¶ 268. On March 3, 2010, Plaintiffs allege that they were ousted from the restaurant premises as the locks were changed after business hours in violation of the self-help provision of the lease agreement.

## II. THE INSTANT COMPLAINT

The Complaint alleges that the Defendants committed numerous acts of criminal wire fraud, extortion, and violations of the Hobbs Act [18 U.S.C. § 1951] and the Travel Act [18 U.S.C. § 1952] by misrepresenting that Ocean 4660 would pay all appropriate taxes. *Id.* ¶ 230. Moreover, the Complaint asserts that the Defendants committed numerous violations of the Hobbs and Travel Acts by physically attacking Mr. Frank, soliciting money for noise violations, not paying taxes due, and not correcting fire code violations. *Id.* ¶¶ 241-46, 248-69, 275-93. The Complaint goes on to assert that these occurrences are only a small part of a vast criminal conspiracy orchestrated by Mr. Polselli and Ms. Karcho. Under this conspiracy theory, Mr. Polselli and Ms. Karcho operate numerous hotels through a vast and complicated network of corporate entities, and through fraud, tax evasions, extortion, and "hundreds of thousands of predicate acts," obtain massive amounts of profits to support their "lavish lifestyles." *See id.* ¶¶ 133, 145, 163, 172, 190(i)-(ii), 201, 228, 349, 408. All corporate entities are alleged to exist solely to perpetuate the criminal enterprise, and transfer untold sums among themselves to evade state and federal taxes, union dues, and other debts. To support these claims, the Complaint cites to several cases in other jurisdictions that involve Mr. Polselli, Ms. Karcho, or their affiliated corporations. *Id.* ¶¶ 151-82.

On September 13, 2011, Plaintiffs commenced the instant class action on behalf of themselves, and "(victims) including, but not limited to, every citizen of the State of Florida and United States of America and hundreds of thousands otherwise all directly damaged by the multiple schemes and patterns of ongoing 'racketeering activity,'" against Mr. Polselli, Karcho, Ocean 4660, and 94 other named Defendants. *Id.* ¶ 317 (emphasis in original). The Complaint alleges the following: Violation of RICO (Count I), Declaratory Judgment [28 U.S.C. §§ 2201-

3

2202] (Count II), Violation of the Florida Deceptive and Unfair Trade Practices Act [Fla. Stat. § 501.201, *et seq.*] (Count III), Violation of the Florida Civil Remedies for Criminal Practices Act [Fla. Stat. § 772.101, *et seq.*] (Count IV), Civil Conspiracy (Count V), Conversion (Count VI), Civil Theft (Count VII[3]), Unjust Enrichment (Count VIII), Temporary and Permanent Injunctive Relief (Count IX), Imposition of Equitable Liens (Count XI[4]), and Foreclosure of Equitable Liens (Count XII). The Complaint asserts that Plaintiffs were injured in the amount of $24,000,000. *Id.* ¶ 313.

The Defendants filed the instant Combined Motion to Dismiss or, Alternatively, for a More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), 12(b)(5), and 12(e). The Defendants argue that the Complaint should be dismissed because it (1) does not contain a short and plain statement that gives the Defendants fair notice of what the claims are, and the ground upon which they rest, (2) does not plead fraud with requisite specificity, and (3) improperly alleges a RICO violation to address a commercial dispute. Moreover, the Defendants argue that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, and quash service on the individual Defendants. For the reasons discussed below, the Complaint is dismissed for failing to comply with Rules 8 and 9(b), and for improperly alleging a RICO claim. Because the Court has previously given Plaintiffs leave to amend numerous times and held that a RICO claim is inappropriate to address the commercial dispute at issue, any further leave to amend, in the Court's opinion, would be futile. Therefore, the Complaint is dismissed with prejudice as to all of the federal claims and without prejudice as to all of the state claims. Because the Complaint is being dismissed in its entirety, it is unnecessary for the Court to address whether process was properly served on the Defendants.

### III. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). While a complaint does not need to set forth detailed factual allegations,

---

[3] The Complaint lists both Conversion and Civil Theft as Count VI. For clarity, Conversion is listed as Count VI and Civil Theft claim is renumbered as Count VII.
[4] The Complaint does not include a Count X.

4

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Mere labels, conclusions, or "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, to survive the Defendants' Motion to Dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

To meet this "plausibility standard," Plaintiffs must plead "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleading facts that are "merely consistent with" the Defendants' liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). While the pleadings of *pro se* parties such as Mr. Frank and Ms. DiPilato are construed liberally, the Court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *McMahon v. Cleveland Clinic Found. Police Dep't*, No. 10-14578, 2011 WL 4552308, at *2 (11th Cir. Oct. 4, 2011) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) and *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). For purposes of reviewing the Defendants' Motion to Dismiss, all well-pleaded facts in the Complaint, and all reasonable inferences drawn from those facts, are taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1354 (11th Cir. 2004) (citing *Stephens v. Dep't of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir. 1990)).

IV. **ANALYSIS**

   A. **The Complaint does not Provide the Majority of the Defendants Adequate Notice under Rule 8**

The Complaint fails to provide the majority of the Defendants with proper notice of the specific grounds upon which each claim rests in violation of Rule 8. Specifically, the Complaint does not allege any specific conduct on the part of any Defendant other than Mr. Polselli, Ms. Karcho, and Ocean 4660. To wit, the only conduct these Defendants are accused of is being

5

"associated-in-fact" with Mr. Polselli and Ms. Karcho, and somehow being a part of a criminal enterprise. The Complaint therefore does not provide fair notice to these Defendants of the claims against them, and the grounds upon which these claims rest.

The Complaint further runs afoul of Rule 8 by incorporating the entire fact section into each cause of action, requiring the Defendants to undertake an extensive inquiry into what allegations support each cause of action. *See* Compl., ¶¶ 324, 359, 376, 381, 397, 417, 432, 434, 440, 491, 501, 517, 521, 532, 558, 561. The Eleventh Circuit has criticized this method of pleading on numerous occasions. *See McMahon*, 2011 WL 4552308, at *2-3 (affirming dismissal of a shotgun pleading); *accord Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010); *Popham v. Cobb County, Ga. Gov't*, 392 F. App'x. 677, 680-81 (11th Cir. 2010); *Wagner v. First Horizon Pharmaceutical Corp.* 464 F.3d 1273, 1279 (11th Cir. 2006); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). While not a classic shotgun pleading, the Complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" against which Defendants. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). However, considering that Plaintiffs are proceeding *pro se*, the Court accords a degree of leeway when reviewing the Complaint's compliance with the Federal Rules. As such, the Court holds that the Complaint does contain sufficient facts and provide adequate notice to comply with Rule 8 only as to Mr. Polselli, Ms. Karcho, and Ocean 4660. Accordingly, Counts I through XII are dismissed against all Defendants other than Ocean 4660, Mr. Polselli, and Ms. Karcho.

### B. The Complaint fails to Properly Allege or Plead a RICO Violation

#### 1. *RICO is Improper to Redress a Commercial Dispute*

The Court previously held in *Oceanside Lauderdale* that "'RICO is not a proper vehicle for levering a breach of contract suit between citizens of the same state into federal court, and under a statute that entitles a successful plaintiff to treble damages and attorneys' fees.'" *Oceanside Lauderdale*, 2010 WL 2044893, at *1 (quoting *Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010)). Although some of the allegations differ to an extent, Plaintiffs are once again attempting to use the federal RICO statute as a jurisdictional basis for a commercial dispute between non-diverse defendants. Again, it is exceedingly clear that Plaintiffs are abusing the

federal RICO statute by attempting to employ it in what is obviously a business dispute alleging, at best, state law claims.

The facts in the present case relate to a business dispute between Oceanside Lauderdale and Ocean 4660 concerning the operation of a hotel restaurant. Allegations of pre-contractual misrepresentations, various breaches of the lease agreement, and other conduct arising out of the devolved business relationship are all labeled as extortion or Hobbs and Travel Acts violations (*i.e.* predicate RICO offenses). See Compl., ¶¶ 230-32, 235, 241, 243, 245-456, 251-53, 274-93, 305, 309. The Court previously held that a defendant is not permitted to "fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions." *Oceanside Lauderdale*, 2010 WL 2044893, at *1 (quoting *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992)). See also *Robert Suris General Contractor Corp. v. New Metropolitan Federal Sav. & Loan Ass'n*, 873 F.2d 1401, 1404 (11th Cir. 1989) (affirming grant of summary judgment where a plaintiff had attempted to take "a simple breach of contract or garden-variety fraud claim and attempted to boot-strap it into a 'federal case'" by couching the allegations in RICO statutory language); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 181 n.15 (4th Cir. 2002) ("We have cautioned against imposing civil RICO liability for garden-variety violations of the mail and wire fraud statutes 'because it will be the unusual fraud that does not enlist the mails and wires in its services at least twice.'") (internal citation omitted). Here, the Plaintiffs are again attempting to do exactly what the Court previously held was impermissible; assert a cause of action in federal court under the civil RICO statute to address a business dispute. Moreover, the Plaintiffs are also again attempting to avoid obtaining legal representation as required for corporate Defendants.[5]

The Court has previously held that to the extent that the Plaintiffs may have valid claims for misrepresentation, fraud, or breach of contract against the non-diverse Defendants—and the Court offers no opinion as to the sufficiency or merits of such claim—they should be lodged in state court, and predicated on state law. However, this case presents another instance where the federal RICO statute is not the proper vehicle by which these claims may be addressed. The

---

[5] In *Oceanside Lauderdale*, the Court admonished Plaintiffs that they could not avoid the requirement that corporations may only be represented by legal counsel by improperly having Plaintiffs assert what are in reality corporate claims. See *Oceanside Lauderdale*, 2010 WL 2044893, at *1 ("plaintiff Oceanside Lauderdale, a corporation, must be represented by counsel").

Court previously granted Plaintiffs leave to amend numerous times with instructions to consider the viability and merit of a RICO claim under the facts of this case. Any further leave to amend would be, in the Court's opinion, futile. Because a RICO claim is wholly improper under the facts of this case, and because Plaintiffs have failed to heed the Court's previous holdings and instructions, Count I is dismissed against all Defendants with prejudice.

### 2. *The Complaint has not pled Fraud with Requisite Specificity*

Notwithstanding the impropriety of the RICO claim, the Count I is also subject to dismissal for failing to plead fraud with the requisite specificity as to each of the named Defendants under Rule 9(b). A civil RICO claim is a type of fraud that must be pled with an increased level of specificity under Rule 9(b). *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Rule 9(b) requires a plaintiff to allege (1) the precise statements, documents, or misrepresentations made, (2) the time, place, and person responsible for the statement, (3) the content and manner in which these statement mislead the plaintiff, and (4) what the defendants gained by the fraud. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997). Here, the Complaint falls short of this standard.

The Eleventh Circuit has held that a complaint does not comport with the requirements of Rule 9(b) when it lumps all defendants together in a single RICO claim. *See Brooks*, 116 F.3d at 1381 (citing *Viacom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). "In a case involving multiple defendants . . . 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Id.* (quoting *Viacom*, 20 F.3d at 777-78 and *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). The instant Complaint alleges that each corporate Defendant is an *alter ego* of Ms. Karcho and Mr. Polselli, and that their sole purpose is to perpetuate the alleged criminal enterprise. Compl., ¶¶ 106, 108, 110-14, 294, 310-11. The Complaint lumps all Defendants together, alleging that each Defendant has committed "hundreds of thousands of predicate acts" by sole virtue of being part of a vast criminal enterprise. *Id.* ¶¶ 201, 228, 349, 408. However, the Complaint fails to set fourth the time, place, and manner in which any specific predicate act occurred other than those

pertaining to the dispute over the lease agreement.[6] Plaintiffs' state that discovery is needed to ascertain the precise transactions and conduct that pertains to each Defendant. However, the Court declines the Plaintiffs' invitation to engage in protracted discovery to uncover what the Defendants may or may not have done. Indeed, many of the allegations contained in the instant Complaint have been "recycled" from the previous pleadings filed with the Court in *Oceanside Lauderdale*. Plaintiffs have failed to comply with the Court's prior instructions regarding pleading under the federal rules. Accordingly, Count I is also dismissed with prejudice against all Defendants for failing to comply with the pleading requirements of Rule 9(b).

### C. The Court Declines to Exercise Supplemental Jurisdiction

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In light of the circumstances of the present case, the Court declines to exercise supplemental jurisdiction over the state law claims because the RICO claim is dismissed against all the Defendants. Currently, the federal RICO statute serves as the sole basis for subject-matter jurisdiction under 28 U.S.C. § 1331. Complete diversity is lacking among the parties, thus jurisdiction is unavailable under 28 U.S.C. § 1332.[7] The Hobbs Act does not provide a private right of action. *See, e.g., Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-08 (8th Cir. 1999); *Kissi v. U.S. Dept. of Justice*, 793 F. Supp. 2d 233, 235 (D.D.C. 2011); *Marfut v. City of North Port, Fla.*, No. 08-cv-2006-T-27EAJ, 2009 WL 790111, at *1 (M.D. Fla. 2009).

---

[6] This is further elaborated in the Plaintiffs' 140-page RICO Case Statement (D.E. # 75). The Plaintiffs seem to rehash the same allegations against every corporate Defendant, that it "allowed itself and/or the land it owns to be used as part of the Karcho-Polseli [sic] criminal enterprise," implemented decisions made by Ms. Karcho and Mr. Polselli, furthered the objectives of the enterprise, committed "wire fraud, Hobbs and Travel Act violations, money laundering violations and violation(s) of 18 USC section 1957 and 2315," and purposefully conducted a pattern of racketeering activity. *See* RICO Case Stmt. (D.E. # 75), at 6-112.

[7] Although not asserted as a basis for jurisdiction in the Complaint, it is highly unlikely that the instant action will be able to meet the requirements of the Class Action Fairness Act (CAFA), which requires only minimum diversity between the parties. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); 28 U.S.C. § 1332(d)(11)(B)(I). Although the Complaint alleges damages in excess of the CAFA's $5 million threshold, and seeks to represent a class in excess of 100 plaintiffs, it is extremely unlikely that either of these requirements will be met. Thus, complete diversity must exist between the parties in this case to establish subject-matter-jurisdiction.

Similarly, the Declaratory Judgment Act is procedural in nature and does not expand the Court's jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009). Plaintiffs have not asserted that the Florida Courts are unavailable to redress their state law claims; indeed, they have already availed themselves of the Florida court system. *See Oceanside Lauderdale, Inc. v. Ocean 4660, LLC.*, No. CACE10-22268(13) (Fla. Cir. Ct. 2011). The Court therefore declines to continue to exercise supplemental jurisdiction over the remaining state-law claims.

## V. CONCLUSION

For the above-stated reasons, the Court GRANTS the Defendants' Motion to Dismiss. Counts I and II are DISMISSED WITH PREJUDICE, and Counts III, IV, V, VI, VII, VIII, IX, XI, and XII are DISMISSED WITHOUT PREJUDICE. The Clerk shall CLOSE the case.

DONE AND ORDERED in Chambers, Miami, Florida, January 30, 2012.

Paul C. Huck
United States District Judge

Copies Furnished To:
All counsel of record
Kenneth A. Frank, *pro se*
Angela DiPilato, *pro se*